## BENNETT v. WILMORE S. S. CORPORATION.

### Civil Action No. 1847.

District Court, S. D. Texas, Houston Division.

Nov. 6, 1946.

Mandell & Wright, of Houston, Tex. (Arthur J. Mandell and Elias Gatoura, both of Houston, Tex., of counsel), for plaintiff.

Baker, Botts, Andrews & Wharton, of Houston, Tex. (Denman Moody, of Houston, Tex., of counsel), for defendant.

KENNERLY, District Judge:

Plaintiff, James F. Bennett, a seaman on the Steamship "George Steers," brought this suit in a State Court against the Wilmore Steamship Corporation under the Jones Act, Title 46 U.S.C.A. § 688, for damages, maintenance, etc., for an alleged injury on board the Steamship on or about August 4, 1944. To bring his case within the coverage of the Jones Act, plaintiff alleged that he was at the time of the alleged injury an employee of defendant. The Wilmore Steamship Company, Inc., alleging that it is the person sued and intended to be sued, has removed the case into this Court, and plaintiff has moved to remand.

At a former hearing of such motion (April 15, 1946), it was held that under the wording of the contract of August 10, 1942, between defendant and the Government, plaintiff was an employee of the Government and not of defendant, and that this suit was not within the coverage of the Jones Act, and that it had been properly removed into this Court.[1]

---

[1] In Memorandum filed April 15, 1946, it was said:

"1: It seems settled that although there is diversity of citizenship between Plaintiff and Defendant and the matter in controversy exceeds, exclusive of interest and costs, the amount or sum of $3000, the case is not removable if Plaintiff is in fact an *Employee of Defendant* and the suit is brought under the Jones Act.

"2: Defendant in its Petition for Removal alleges diversity of citizenship between Plaintiff and Defendant, that the amount in controversy exceeds $3000, etc., and that Plaintiff *was not* an employee of Defendant at the time of the alleged injury. Plaintiff in his Motion to Remand does not deny diversity of citizenship nor the amount alleged to be in controversy, but says that he *was* an employee of Defendant at the time of the alleged injury. On the issue of whether Plaintiff *was* or *was not* an employee of Defendant, the Defendant carries the burden of proof. Wilson v. Republic Iron Co., 257 U.S. 92, 97, 42 S.Ct. 35, 66 L.Ed. 144.

"3: I have examined the evidence which Defendant offers on such issue, including the wording of the Contract, dated August 10, 1942, between the United States of America and Defendant, and have reached the conclusion that Plaintiff was not an employee of Defendant at the time of the alleged injury, and that the case has been properly removed into this Court. Such Contract seems to be worded differently to the Contract construed in Brady v. Steamship Co., 317 U.S. 575, 63 S.Ct. 425, 87 L.Ed. 471. *I pass on no other question.*"

Plaintiff again presses the motion to remand because of the decision of the Supreme Court of the United States in the case of Hust v. Moore-McCormack Lines, Inc., 66 S.Ct. 1218.

Hust sued Moore-McCormack in a State Court of Oregon for an injury incurred on board the S. S. Mark Hanna March 17, 1943, and recovered judgment. The Supreme Court of Oregon reversed the judgment, holding in effect that Hust was not an employee of Moore-McCormack, but an employee of the United States.

The Supreme Court of the United States reversed the Supreme Court of Oregon, and held Hust to be also an employee of Moore-McCormack, and upheld his right to sue Moore-McCormack under the Jones Act.

The Opinion of the Supreme Court of the United States seems to be bottomed in part upon the Clarification Act, S. No. 62, 78th Congress, First Session, 5; H. Rep. No. 2572, 77th Congress, Second Session, 23,[2] and defendant claims that since Hust was injured (March 17, 1943), before the passage (March 24, 1943) of the Clarification Act, and plaintiff here is alleged to have been injured (August 4, 1944) after the passage of the Act, that such decision is not controlling here. I cannot agree with that view. The Opinion, before beginning a discussion of the Clarification Act, says [66 S.Ct. 1226]:

"We are told, however, that the Jones Act applies by its specific terms only in the presence of the relation of employer to employee, to give the latter a remedy for the employer's negligence; and, since the effect of the General Service Agreement was to make the seaman technically an employee of the United States, the necessary result was to remit him exclusively to the Suits in Admiralty Act [46 U.S.C.A. § 741 et seq.] for remedy to enforce the substantive right given by the Jones Act.

"The premise is not controlling. We may accept the Oregon court's conclusion that technically the agreement made Hust an employee of the United States for purposes of ultimate control in the performance of his work, although the meticulous differences in this respect between its terms and the corresponding provisions of the Maritime Commission's standard contract make it hardly more than dubious that respondent did not stand pro hac vice as employer with the Government. But it does not follow from the fact that Hust was technically the Government's employee that he lost all remedies against the operating 'agent' for such injuries as he incurred. This case, like National Labor Relations Board v. Hearst Publications, 322 U.S. 111, 64 S.Ct. 851, 88 L.Ed. 1170, involves something more than mere application to the facts of the common-law test for ascertaining the vicarious responsibilities of a private employer for tortious conduct of an employee.

"Here indeed is the respondent's fallacy, for it assumes the case would be controlled by the common-law rules of private agency. It is true these are applied in the normal everyday applications of the Jones Act. But in those situations this is done to determine who comes within, who without the covered class in the Act's normal operation, not to exclude that class entirely or in large part. Here the application is made to defeat the Act for all except the smaller number of men whom it was enacted to protect. No such application of the common-law 'control' test can be justified in this temporary situation unless by inversion of that wisdom which teaches that 'the letter killeth, but the spirit giveth life.'

"Not always does the law proceed in disregard of that truth. There was nothing to prevent Congress or the President, acting in exercise of their authority, from shifting the technical relation of employer and employee from the general agent to the Government, for purposes relevant to ultimate wartime control of marine employees, without at the same time disrupting their normally applicable rights and remedies. On the contrary, there was every reason why the change should be made without that consequence. No presumption can be indulged that any purpose existed to take away those protections when they were needed more than ever, nor any that so great a disruption would be made for only the emergency of the war period. Nothing

---

2 This seems to be also referred to as Public Law 17, 78th Congress, Chapter 26, First Session, 57 Stat. 45–51, 50 U.S. C.A.Appendix, § 1291.

in the Jones Act, the Suits in Admiralty Act, or in the War Powers Act of 1941 [50 U.S.C.A.Appendix, § 601 et seq.], and the Executive Orders by which the industry's transfer was accomplished compels such a conclusion."

I think the Hust case is controlling here, that under the Rule there announced plaintiff is an employee of defendant, that this suit is one under the Jones Act, and that it has been improperly removed into this Court.

Plaintiff's motion to remand is, therefore, granted.