**WARREN v. UNITED STATES et al.**

**THE ANNA HOWARD SHAW.**

District Court, S. D. New York.

March 4, 1948.

Saul Sperling, of New York City (Joseph Meehan, of New York City, of counsel), for libellant.

John F. X. McGohey, U. S. Atty., of New York City (Martin J. Norris, of New York City, of counsel), for respondent United States.

Kirlin, Campbell, Hickox & Keating, of New York City (Walter X. Connor, of New York City, of counsel), for respondent American South African Line, Inc.

MEDINA, District Judge.

In Shilman v. United States, 2 Cir., 164 F.2d 649, the Circuit Court of Appeals did not decide that a seaman may not recover maintenance and cure against a steamship company acting under a General Agency Agreement. The contention that the Circuit Court of Appeals would so hold, should such a case come before it, is based upon the statement at the end of the opinion that neither in the Hust case (Hust v. Moore-McCormack Lines, 328 U.S. 707, 66 S.Ct. 1218, 90 L.Ed. 1534) nor in the Caldarola case (Caldarola v. Eckert, 332 U.S. 155, 67 S.Ct. 1569) was it held that the agent was an employer to such an extent as to give rise to liability for wages "or other contractual obligations." [164 F.2d 653] The subject is a prickly one. The right to maintenance and cure traces its origin to a time when such things as "contractual obligations" in the modern sense of the term could scarcely be said to exist. This right is inherent in the status of the seaman. It is by no means clear that a right to maintenance and cure may not arise even prior to the signing of Shipping Articles, Comment, The Tangled Seine: A Survey of Maritime Personal Injury Remedies, 57 Yale Law Journal 243, 248 n. 19 (1947), citing Martinez v. Marine Transport Line,[1] N. Y. City Mun. Ct., 1947 A.M.C. 529, reversed on other grounds, 78 N.Y.S.2d 3; and a scrutiny of the long and interesting history of this curious remedy of the maritime law would seem to lead to the conclusion that it partakes as much of the character of tort as contract and perhaps hangs suspended as it were between the two. In any event, my holding that American South African Line, Inc. is libellant's employer for the purposes of a claim for maintenance and cure stems from the Hust case. With each new reading of the opinion of the Court I am the more convinced that the reasoning behind that decision applies just as forcibly to maintenance and cure as to the remedy provided by the Jones Act, 46 U.S.C.A. § 688. While the Hust case stands, it seems to me I have no alternative than to stick to my guns.

Respondent American South African Line, Inc. now urges for the first time that the Clarification Act, 50 U.S.C.A.Appendix § 1291, is a bar to libellant's recovery. But by the weight of authority and the weight of reason too the Clarification Act

---

[1] No opinion for publication.

will not bear the construction which respondent would give it with respect to rights arising after the date it took effect. Bennett v. Wilmore S. S. Corporation, D.C. S.D., Tex.1946, 69 F.Supp. 427; Moss v. Alaska Packers Association, 1945, 70 Cal. App.2d Supp. 857, 160 P.2d 224, 1945 A.M. C. 493; Gay v. Pope & Talbot, Inc., Sup. 1944, 183 Misc. 162, 47 N.Y.S.2d 16, 1944 A.M.C. 855; Cohen v. American Petroleum Transport Corporation, City Court 1947, 188 Misc. 465, 68 N.Y.S.2d 250, 1947 A.M.C. 336; Fink v. Shepard Steamship Co., Or. Cir.Ct.1946, 1946 A.M.C. 1333. Contra: Gaynor v. Agwilines, Inc., E.D.Pa.1947, 76 F.Supp. 617, 1948 A.M.C. 81; cf. United States v. Lubinski, 9 Cir., 1946, 153 F.2d 1013.

Motion denied.

Submit findings.