### SULLIVAN v. UNITED STATES.
#### No. 91, Docket 21459.

United States Court of Appeals Second Circuit.

Argued Dec. 9, 1949.

Decided Dec. 27, 1949.

John F. X. McGohey, United States Attorney, (Kirlin, Campbell, Hickox & Keating, New York City, of counsel); Walter X. Connor and Vernon Sims Jones, New York City, Advocates, for appellant.

Paul C. Matthews, New York City, Archibald F. McGrath, New York City, Advocate, for appellee.

Before L. HAND, Chief Judge, and SWAN and FRANK, Circuit Judges.

SWAN, Circuit Judge.

The libellant was employed as a fireman water-tender on a merchant vessel of the United States which was undergoing repairs at the Bethlehem Shipyard in Brooklyn, New York. He was not hired for a voyage and signed no articles. He had a room ashore. In addition to his pay of $110 a month, he received an allowance of $2 per day for sleeping ashore and an additional allowance for meals. Nevertheless he had a bunk on the ship. His watch was 12 midnight to 8 A.M. After finishing his work on the morning of June 3, 1943, he slept in a bunk aboard ship, and about 3 P.M. went ashore with permission. During his shore leave he drank 18 or 20 glasses of beer before starting to return to his ship. About 10 P.M. while walking on a public street in Brooklyn not far from the entrance to the drydock where his ship was moored he was attacked by two or three unknown men. The assault resulted in a broken leg. His claim for maintenance is based entirely on the lengthy convalescence required for the healing of the leg. The court found that at the time of the assault

he "was not exactly sober" but he "knew what he was doing and was headed for his ship," and "the injuries he received were not due to his own vices." Accordingly the court awarded maintenance on the principles of liability stated in Aguilar v. Standard Oil Co. of New Jersey, 318 U.S. 724, 733, 63 S.Ct. 930, 87 L.Ed. 1107 and Kyriakos v. Goulandris, 2 Cir., 151 F.2d 132, 138.

The appellant contends that the seaman's injuries resulted from a drunken brawl brought about by his own alcoholic condition. The trial judge rejected this contention. We cannot say that the court's findings are clearly erroneous. The appellant also submits cogent arguments for denying recovery under such circumstances as the case at bar presents. But if the principles of the Aguilar case are to be so restricted, a decision to that effect must be obtained from the court of last resort.[1]

Decree affirmed.

---

[1]. The appellant cites the following cases to show how inferior courts have applied the Aguilar doctrine. Barroom brawls: Moss v. Alaska Packers Ass'n., Cal.App., 160 P.2d 224; Nowery v. Smith, D.C., 69 F.Supp. 755, affirmed, 3 Cir., 161 F.2d 732. Brawls in Public Streets: Stanley v. Weyerhauser SS. Co., 1947 A. M. C. 411; Grovell v. Stockard S. S. Co., D.C. Pa., 78 F.Supp. 931. Injuries at Places Remote from Vessel: Smith v. United States, 4 Cir., 167 F.2d 550; Petersen v. Marine Transport Lines, Inc., 86 Cal. App.2d Supp. 927, 194 P.2d 161, 1948 A. M. C. 544; Taylor v. United Fruit Co., Sup., 71 N.Y.S.2d 22, 1947 A. M. C. 1297; Dasher v. United States, D.C.N.Y., 59 F. Supp 742; Warren v. United States, D.C. N.Y., 75 F.Supp. 210; Id., 76 F.Supp. 735, decision on appeal handed down herewith, 2 Cir., 179 F.2d 919.