Geraldo Lopez **VICTORIA**, Libelant,

v.

**LUCKENBACH STEAMSHIP COM-
PANY, Inc., Respondent.**

United States District Court
S. D. New York.
May 9, 1956.

Murray A. Miller, New York City, Proctor for libelant.

Burlingham, Hupper & Kennedy, New York City, Proctors for respondent, William M. Kimball, New York City, of counsel.

WEINFELD, District Judge.

Libelant Geraldo Lopez Victoria seeks to recover maintenance and cure for injuries sustained on or about May 31, 1955 while he was in the service of the respondent as a merchant seaman on its vessel the SS Marine Leopard which was then moored at Stockton, California. About 6:30 P.M. on May 30th libelant was granted shore leave and took his recreation in the traditional way by going directly to a tavern where, by his own admission, he consumed the contents of six 12 oz. bottles of beer within two hours. He then proceeded to another tavern where he had another five or six bottles of beer. Apparently he was a solitary drinker for no fellow crew member was with him. There were no eye witnesses to the incidents which give rise to his claim; hence the determination of the issues depends in large measure either upon his own version of where and how he met with his injuries or statements or admissions made by him to fellow crew members or officers.

His version, according to answers given in response to interrogatories and also in his deposition is that he returned to the ship by taxi at or about 11:30 P.M., repaired to his bunk and climbed to his upper berth. He awoke at 2 A.M. and went to the recreation room for a drink of water and because of the absence of lights lost his balance sustaining injury to his right shoulder. He then returned to his room.

A sharp dispute exists as to where he met with his injury, whether ashore on his way back to the ship or in the recreation room as he now contends. The medical log of the ship, the hospital records of the United States Public Health Service at San Francisco where he was taken the next day, and the testimony of a member of the crew and officers of the ship challenge him on this issue. Based upon statements or admissions made to them by libelant they are in substantial accord that he acknowledged he was injured while returning to the ship after his visit to the bars, and while very, very drunk. Apparently he again fell in the recreation room upon his return to the vessel not at 11:30 P.M., as he testified, but at 2 A.M.

In my view it does not matter whether he received his injuries while in the recreation room or ashore. In this instance there is no intervening cause to account for the injuries which the evidence abundantly establishes were due solely and only to his drunken condition admittedly brought about by his own conduct. He admits, and his deposition testimony indicates, that he fell down as he now claims in the recreation room because he was drunk. There is no basis in this record to support any finding that he fell because of water or lack of light in the recreation room. Accordingly I find that the respondent here cannot be charged either with negligence or unseaworthiness and that the sole and proximate cause of the plaintiff's injuries, whether sustained in the recreation room or ashore, was his drunkenness.

This poses the legal issue. Libellant contends that a doctrinal trend supports the view that a ship owner may not defeat a claim for maintenance and cure even where the injuries are directly and solely caused by the drunkenness of the seaman. The Supreme Court has not directly passed upon this issue. It is true that in the Aguilar v. Standard Oil Co., 318 U.S. 724, 731, 63 S.Ct. 930, 934, 87 L.Ed. 1107, there is a reference to the question of intoxication, but this is mere dictum. Thus it stated "Only some wilful misbehavior or deliberate act of indiscretion suffices to deprive the seaman of his protection. * * * The tradiional instances are venereal disease and injuries received as a result of intoxication, though on occasion the latter has been qualified in recognition of a classic predisposition of sailors ashore. [Citing The Quaker City, D.C., 1 F.Supp. 840.]"

Relying upon the foregoing footnote citation libellant urges that his claim for maintenance and cure may not be defeated notwithstanding that the injuries were received due to his own "wilful misbehavior or deliberate act of indiscretion". However, the rule announced in this Circuit in Barlow v. Pan Atlantic S. S. Corporation, 2 Cir., 101 F.2d 697, 698, decided prior to the Aguilar case, in my view is still the controlling law in this Circuit. There the Court stated "The general rule that a vessel and her owner are liable for maintenance and cure, if a seaman falls sick or is wounded in the service of the ship, is subject to a well-recognized exception, dating back to some of the earliest maritime codes, in case his disease or injury arises from his own vices or wilful misconduct. [Citing cases.] * * * When it is clear that a seaman's injuries occurred solely because of his intoxication, we think they are rightly held to be occasioned by his own misconduct and that the shipowner is under no duty to provide maintenance and cure."

Parenthetically it may be observed that the Court of Appeals took note of the holding in the Quaker City case but pointed out there was no express finding that the accident was caused by the libellant's drunkenness, and stated: "If the Quaker City is not thus distinguishable, we must respectfully disagree with it."

Subsequent rulings in this Circuit have not in my judgment eliminated the force of the holding in the Barlow case. These subsequent authorities are readily distinguishable. In Sullivan v. United States, 2 Cir., 179 F.2d 924, 925, which was decided after the Aguilar case, the Court in sustaining the claim for maintenance and cure did so upon the District Court's finding that the libellant there while not exactly sober knew what he was doing, and further that " 'the injuries he received were not due to his own vices.' "

Bentley v. Albatross S. S. Co., 3 Cir., 203 F.2d 270, 272, does not go counter to the holdings in this Circuit. There a seaman had returned from shore leave in an intoxicated condition and received injuries when he slumped against a hot radiator suffering severe burns. The Court of Appeals in reversing the District Court made an express finding that the vessel was unseaworthy in failing to have the radiator guarded—a circumstance which I have already adverted to, and which is not present in the instant case. Thus the Court emphasized its holding

by taking note of cases where mainte-
nance and cure had been barred stating
as follows: "It is true that in a number
of cases intoxicated seamen have been
denied recovery of damages and mainte-
nance and cure because they were intox-
icated at the time of their injury, but an
analysis of these cases discloses the ab-
sence of unseaworthiness or negligence
on the part of the vessel as a factor in
the situation. * * * Further, it is
crystal clear that the libellant here would
not have suffered his injuries except for
the vessel's unseaworthiness (he would
not have been burned); a circumstance
absent in the other cases."

The libelant's injuries having resulted
solely and proximately from his own mis-
conduct, he may not recover from the
ship owner for maintenance and cure.

Accordingly the libel is dismissed. The
foregoing shall constitute the Court's
findings of fact and conclusions of law;
either party may submit, upon notice to
the other, additional proposed findings of
fact and conclusions of law.