James BARNETT and Irene Barnett,
Plaintiffs–Appellees,

v.

SEA LAND SERVICE, INC., Owner of
the M/V GALVESTON,
Defendant–Appellant.

No. 88–3576.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 10, 1989.

Decided May 18, 1989.

742

Vincent R. Larson, Rodney L. Brown, Jr., Riddell, Williams, Bullitt & Walkinshaw, Seattle, Wash., for defendant-appellant.

Robert D. Duggan, Emily Vrieze Glueck, Levinson, Freidman, Vhugen, Duggan, Bland & Horowitz, Seattle, Wash., for plaintiffs-appellees.

Before WRIGHT and ALARCON, Circuit Judges, and TEVRIZIAN,[1] District Judge.

TEVRIZIAN, District Judge:

Defendant–Appellant Sea Land Service, Inc. was sued for damages arising out of an injury aboard its vessel M/V GALVES-TON. Plaintiffs-appellees are the victim of the accident and his wife. The district court had subject matter jurisdiction pursuant to its admiralty jurisdiction under 28 U.S.C. Section 1333(1) and Federal Rule of Civil Procedure 9(h).

On June 3, 1985, Plaintiff-appellee James Barnett ("Mr. Barnett") was injured while working as a longshore working boss/foreman on board the M/V GALVESTON, a vessel operated by defendant-appellant Sea Land Service, Inc. The accident occurred after Mr. Barnett returned from lunch. He attempted to reach the vessel's forward hatches, but he found that both the port and starboard passageways were blocked by overhanging hatch covers at the No. 8 hatch located amidship. An overhanging cover which blocks a passageway in this fashion prevents normal access, but leaves a three to four foot crawl space beneath it. Mr. Barnett received a call on his radio instructing him that he needed to get to work. He attempted to climb over one of the covers but he lost his footing and fell,

1. The Honorable Dickran Tevrizian, United States District Judge for the Central District of California, sitting by designation.

scraping his leg and bruising his right shin. After the accident, Mr. Barnett immediately left the vessel to report his accident to his employer and to receive first aid.

Mr. Barnett suffers from venous insufficiency. This condition impairs normal healing of wounds. Mr. Barnett has suffered previous leg injuries which required special treatment because of his venous insufficiency. The other incidents occurred in 1978, 1982 and 1983. During the 1982 incident, one of Mr. Barnett's doctors suggested that Mr. Barnett wear padding such as soccer-style shin guards as a possible way of avoiding injury. Mr. Barnett was not wearing shin guards on the day of the accident.

After the accident, Mr. Barnett's treating physician instructed him to avoid excessive standing and walking on the job. A few days later, Mr. Barnett returned to work.

The bruise on Mr. Barnett's shin began to ulcerate. Three weeks after the accident he had to leave work to undergo skin graft surgery to replace the skin over his injury. Mr. Barnett missed approximately 11 weeks of work as a result of the skin graft surgery. Two months after returning to work, Mr. Barnett started treatment for right knee problems relating to the accident. He had to work fewer hours while being treated for his knee problems.

When Mr. Barnett sued for damages resulting from his accident, the trial court assigned the lawsuit to mediation under Western District of Washington Local Rule 39.1. No signed settlement resulted, although appellant believes that a settlement agreement was reached at the mediation. Appellees argue that no settlement was reached as there was a mutual mistake regarding the terms of the settlement. At trial, the trial judge barred testimony of the mediator about whether a settlement had been reached on the grounds that Local Rule 39.1 required a writing signed by the parties.

The district court, after a bench trial, found that the defendant Sea Land Service,

Inc., carelessly and negligently failed to provide plaintiff, James Barnett, with a safe place to work by failing to provide a safe access from the vessel's gangway to the forward hatch. The district court found that as a direct and proximate cause of defendant's negligence, plaintiff fell and sustained severe injuries to his right shin and knee. Judgment was entered in favor of plaintiff-appellees in the amount of $61,-412.26 plus pre-judgment interest accruing from the date of the injury.[2] Appellant appeals to this court asserting numerous grounds for reversal. We affirm.

The three major issues appellant raises on appeal are as follows: First, appellant argues that the district court erred in its interpretation of Local Rule 39.1. Second, appellant argues that the district court erred in its holding on the issue of plaintiff's comparative negligence. Third, appellant argues that the district court improperly granted pre-judgment interest on the entire judgment from the date of injury. We take these contentions in turn.

## I. LOCAL RULE 39.1

Appellant contends that the district court erred as a matter of law by not allowing the introduction of evidence that a settlement had been reached during the mediation session. We review questions of law *de novo*. *United States v. McConney* 728 F.2d 1195 (9th Cir.) *cert. denied,* 469 U.S. 824, 105 S.Ct. 101, 83 L.Ed.2d 46 (1984).

Local Rule 39.1 of the Western District of Washington sets forth procedures for mediation, arbitration and special masters. The parties to the instant dispute participated in mediation under this rule. The provision which lies at the heart of the appellant's first contention is Local Rule 39.1(d)(3), which provides as follows:

*Proceedings Privileged.* All proceedings of the mediation conference, including any statement made by any party, attorney or other participant, shall, in all respects, be privileged and not reported,

**2.** The damages were broken down as follows: Special Damages: $31,412.26 ($20,957.79 for lost wages plus $10,412.47 for medical expenses); General Damages: $25,000; Loss of Consortium: $5,000.

recorded, placed in evidence, made known to the trial court or jury, or construed for any purpose as an admission against interest: No party shall be bound by anything done or said at the conference unless a settlement is reached, in which event the agreement upon a settlement shall be reduced to writing and shall be binding upon all parties to that agreement.

Although the parties entered into mediation, the appellees refused to sign a settlement agreement prepared by the appellant after the mediation took place. At trial, the district judge refused to allow testimony by the mediator as to whether a settlement had been reached. Appellant contends that a settlement was reached.

Appellees argue that there was a mutual mistake and no settlement was ever consummated. Appellee argues that under Local Rule 39.1(d)(3), since no written settlement was consummated, none exists and therefore the district court was correct in not accepting evidence of a settlement.

■ We agree with the appellees' interpretation of the Local Rule. While appellant focuses on the language which provides that no party shall be bound unless a settlement is reached, we believe that the last phrase of Local Rule 39.1(d)(3) is controlling. It provides that once a settlement is reached it shall be reduced to writing and shall be binding upon the parties. We interpret this to mean that until a settlement is reduced to writing, it is not binding upon the parties. When a settlement is not binding no evidence may be introduced under Local Rule 39.1(d)(3). This ruling is reached only under the language of Western District of Washington Local Rule 39.1 and is not meant to be a general pronouncement on when binding settlements are reached in other cases, disputes and forums.

Therefore we find that the district judge properly applied the Local Rule in question to exclude any evidence that a binding settlement had been reached.

## II. COMPARATIVE NEGLIGENCE.

Appellant makes several challenges to the district court's failure to find comparative negligence on the appellee's part. First, appellant argues that the district court did not make an adequate finding on the issue of comparative negligence. Second, appellant argues that the district court erred by substantially adopting findings proposed by appellee. Finally, appellant argues that the record does not support a finding that the appellee was not at fault. We will take these arguments in turn.

### A. ADEQUACY OF RULING

Appellant argues that at trial it presented evidence of comparative negligence on Mr. Barnett's part. Appellant contends that the district court's failure to expressly reject any comparative negligence by the appellee is inadequate under Federal Rule of Civil Procedure 52(a). In *Vance v. American Hawaii Cruises, Inc.* 789 F.2d 790, 792 (9th Cir.1986) this Court examined the standard for assessing a district court's findings and conclusions. We previously stated:

In bench trials, Fed.R.Civ.P. 52(a) requires a court to "find the facts specially and state separately its conclusions of law thereon." One purpose behind Rule 52(a) is to aid the appellate court's understanding of the basis of the trial court's decision. *Lumbermen's Underwriting Alliance v. Can–Car, Inc.,* 645 F.2d 17, 18 (9th Cir.1980). This purpose is achieved if the district court's findings are sufficient to indicate the factual basis for its ultimate conclusions. *Kelley v. Everglades Drainage District,* 319 U.S. 415, 422, 63 S.Ct. 1141, 1145, 87 L.Ed. 1485 (1943); *Fluor Corp. v. United States ex rel. Mosher Steel Co.,* 405 F.2d 823, 828 (9th Cir.) *cert. denied,* 394 U.S. 1014, 89 S.Ct. 1632, 23 L.Ed.2d 40 (1969). Failure to comply with Rule 52(a) does not require reversal unless a full understanding of the question is not possible without the aid of separate findings. *Alpha Distributing Co. v. Jack Daniel Distillery,* 454 F.2d 442, 453 (9th Cir. 1972). We will affirm the district court if the findings are sufficiently compre-

hensive and pertinent to the issues to provide a basis for the decision, or if there can be no genuine dispute about omitted findings. *Magna Weld Sales Co. v. Magna Alloys & Research Party,* 545 F.2d 668, 671 (9th Cir.1976).

This standard is applicable to the instant dispute. The findings of fact show that the district court found that the defendant-appellant was negligent and that Mr. Barnett's injuries resulted from this negligence.

■ There is a colloquy in the record showing that the trial court was aware of the issue of comparative negligence. The failure of the district court to explicitly find no comparative negligence by plaintiff-appellee is not fatal to its decision.

A full understanding of the issues of negligence and comparative negligence may be had without separate, specific findings that a plaintiff was not comparatively negligent. The trial court's failure to award any offset in the judgment shows that it rejected defendant-appellant's claim for comparative negligence.

The district court's findings of negligence, causation, and damage are sufficiently comprehensive and pertinent to provide a basis for awarding the entire judgment, with no diminution for comparative negligence, to the plaintiff-appellee.

A remand is unnecessary. The district court's findings and conclusions of law are adequate for appellate review and decision.

## B. DISTRICT COURT ADOPTING FINDINGS SUBMITTED BY APPELLEE.

■ Appellant argues that to the extent the trial court did make express findings, it adopted appellee's proposed findings "almost verbatim." [3] Appellant suggests that based on this, we should scrutinize the

district court's findings. We refuse to apply a stricter standard of review based on the fact that the district court may have adopted certain findings proposed by either party.

In *Anderson v. City of Bessemer* 470 U.S. 564, 571–3, 105 S.Ct. 1504, 1511, 84 L.Ed.2d 518 (1985) the Supreme Court found that "[E]ven when the trial judge adopts proposed findings of fact verbatim, the findings are those of the court and may be reversed only if clearly erroneous." (citations omitted). See *Wardley Intern. Bank Inc. v. Nasipat Bay Vessel* 841 F.2d 259, 261 (9th Cir.1988). As we explain below, the district court's findings were not clearly erroneous.

## C. DISTRICT COURT REFUSAL TO FIND COMPARATIVE NEGLIGENCE IS SUPPORTED BY RECORD.

While the determination of whether established facts constitute negligence involves a mixed question of law and fact, the "mixed question of negligence" is an exception to the general rule that mixed questions are reviewed *de novo. United States v. McConney,* 728 F.2d 1195, 1204 (9th Cir.) *cert. denied,* 469 U.S. 824, 105 S.Ct. 101, 83 L.Ed.2d 46 (1984). We review the district court's findings under the clearly erroneous standard. *Louie v. United States* 776 F.2d 819 (1985). Further, the clearly erroneous standard of review, "extends, under comparative negligence principles to an admiralty court's apportionment of fault." *Vance v. American Cruises, Inc.* 789 F.2d 790, 793 (9th Cir.1986), (quoting *Alkmeon Naviera S.A. v. M/V "Marina L.",* 633 F.2d 789, 796 (9th Cir.1980)). Therefore we must affirm unless, after a review of all the evidence, we are left with

---

**3.** We have compared the plaintiffs' proposed findings of fact and conclusions of law with those adopted by the district court and we find that they are substantially similar, but not identical. The introductory passage in the official version deletes and alters many phrases provided in the plaintiff's proposed order. While many of the findings of fact are adopted verbatim, the district court split proposed finding 8

into official findings 8 and 9. Proposed finding 11 was changed to official finding 12 by dropping the first sentence, which referred to Mr. Barnett's venous insufficiency. In the conclusions of law, the district court provided the amount of damage by filling in the blanks provided in the proposed judgment. The district court also provided the interest rate for the pre-judgment interest.

the definite conviction that a mistake has been committed. *Id.*

Appellant argues that there are several reasons why the district court should have found comparative negligence by appellee. We have reviewed these reasons and find that the district court's denial of comparative negligence is not clearly erroneous.

■ Appellant argues that Mr. Barnett's failure to wear shin guards at the time of the accident constituted comparative negligence because his doctor had suggested them. However, as appellees argue, there was an intervening treatment period in 1983 when no recommendation to wear shin guards was made. Moreover, at his deposition, the doctor clarified that the 1982 recommendation was only a suggestion. There is nothing in the record to indicate that the injured appellee was not following a mandatory prescription. It was not clearly erroneous for the district court to fail to find comparative negligence based on Mr. Barnett's failure to wear shin guards.

■ Appellant argues that Mr. Barnett's choice to climb over the hatch cover instead of going under it constituted comparative negligence. The record shows that Mr. Barnett is 6'5½" tall and had concerns about hurting his knees if he tried to crawl beneath the hatch cover. Further, he was confident, based on past experience that he could safely climb over the cover. Therefore, the trial court did not err in failing to find comparative negligence based on Mr. Barnett's decision to climb over the hatch cover.

■ Appellant contends that Mr. Barnett's statement at trial that it was a mistake to climb over the hatch covers shows that there was comparative negligence. We find that it was not clearly erroneous to fail to find comparative negligence based on this statement. As appellee argues, this statement may have been based on the fact that the action resulted in an accident rather than a reflection of negligence on the part of Mr. Barnett.

■ Appellant argues that it was raining at the time of the accident and that it was negligent for appellee to attempt to climb over the hatch while it was raining. However, the appellee claims that it was not raining. Appellees argue that the appellant's evidence that it was raining is insufficient. Appellant supplied a stevedore log which states that during the shift when the accident took place there was rain. We believe that the district court may have found that this evidence was insufficient to prove that it was actually raining when the accident took place or that it does not show that the deck was wet. Therefore, we do not find clear error.

Finally appellant argues that Mr. Barnett was not following his doctor's instructions to avoid excessive standing and walking on the job after the accident. The flaw in this argument is that it is unsupported and in fact contrary to the medical evidence presented. Appellant provided no medical evidence that Mr. Barnett's activity aggravated his injury. Moreover, during the time period in question Mr. Barnett's treating plastic surgeon noted that Mr. Barnett was taking good care of his legs. Therefore, we find no clear error in the trial court's failure to ascribe no comparative negligence to Mr. Barnett's conduct.

In sum, we find that none of the grounds raised by appellant nor anything else contained in the record rise to the level necessary for this court to determine that the trial court's decision not to assign any comparative negligence to the appellee was clearly erroneous.

## III. INTEREST ACCRUING SINCE DATE OF INJURY.

Appellant argues that the district court erred by awarding prejudgment interest on the entire judgment to run from the date of injury. Appellant contends that the different items which constitute the damage award did not all occur on the date of the accident.[4] Appellant argues that the pre-

---

**4.** Appellant argues that Mr. Barnett did not leave work or receive medical treatment until four weeks after the accident and that his knee injury did not occur until approximately five months after the accident. To the extent Mrs. Barnett's loss of consortium was premised on

judgment interest should be recalculated to reflect when different aspects of the damage award were incurred.

In *Vance v. American Hawaii Cruises, Inc.* 789 F.2d 790, 794–795 (9th Cir.1986) we specifically affirmed the propriety of prejudgment interest in personal injury cases tried under the district court's admiralty jurisdiction.

The decision to grant prejudgment interest rests within the discretion of the trial court. Therefore we review for an abuse of discretion. *U.S. Dominator, Inc. v. Factory Ship Robert E. Resoff,* 768 F.2d 1099, 1106 (9th Cir.1985); *Columbia Brick Works, Inc. v. Royal Insurance Co.* 768 F.2d 1066, 1068 (9th Cir.1985).

██ We do not believe that it was an abuse of discretion for the district court to order that all prejudgment interest calculations were to commence at the time of the injury. The district court is not obliged to tie every aspect of recovery to a different date when determining the date or dates from which interest will accrue.

AFFIRMED.

the services she rendered for Mr. Barnett when he returned from the hospital, this did not occur until 14 weeks after the accident.