951 F.2d 362
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Beverly E. SPRY, Plaintiff-Appellee,
v.
CARNIVAL CRUISE LINES, Defendant-Appellant.
 No. 89-55647.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 12, 1991.*
Decided Dec. 20, 1991.
 
 1
 Before WALLACE, Chief Judge, CHAMBERS, Circuit Judge, and TANNER, District Judge**
 
 MEMORANDUM***
 
 2
 Carnival Cruise Lines appeals the judgment entered against it after a bench trial in Beverly Spry's action for damages arising from injuries she sustained when she slipped on the stairs on board Carnival's vessel.
 
 
 3
 A district court's finding of negligence is reviewed under the clearly erroneous standard. Barnett v. Sea Land Service, Inc., 875 F.2d 741, 745 (9th Cir.1989).
 
 
 4
 In order to set forth a negligence claim, plaintiff must allege the existence of a duty owed by defendant to plaintiff, breach of that duty, proximate causation of plaintiff's injury, and damages. See, W. Prosser & W.P. Keeton, The Law of Torts, § 30 at 164-65 (5th ed. 1984). The appropriate standard for a shipowner is one of reasonable care under the circumstance. Monteleone v. Bahama Cruise Line, Inc., 838 F.2d 63, 64-65 (2nd Cir.1988). In order for liability to be imposed on a ship owner, there must be a failure to exercise due care. "[A] shipowner is responsible for defective conditions aboard ship only when it has actual or constructive notice of them." Id., at 65.
 
 
 5
 On October 30, 1990, the Ninth Circuit remanded this case for further findings of fact and conclusions of law to support the lower court decision. Specifically the Ninth Circuit asked for the facts that supported the conclusion that there was constructive notice and whether Carnival had a duty to take reasonable precautions to prevent the simultaneous ascension and descension of the stairs.
 
 
 6
 On February 11, 1991, the lower court issued Further Findings of Fact and Conclusions of Law. The relevant portions stated:
 
 
 7
 2. At the time plaintiff fell, the metal nosing protruded above the carborundum anti-slip strip on the step where plaintiff slipped. This was unsafe because the protrusion could prevent a person from stepping on a secure, non-slip surface. This condition existed for a sufficient time prior to plaintiff's fall to impart constructive notice of the condition to defendant.
 
 
 8
 3. The handrails on the stairs were thirty-eight inches high, the stairs were forty and one-half inches wide, and the stairs were steeply inclined. Those conditions were unchanged for a length of time prior to plaintiff's fall so that defendant had constructive knowledge of the conditions.
 
 
 9
 ....
 
 
 10
 8. The protruding metal nosing, the excessive height of the handrails, the steep incline of the stairs, and the failure of defendant to take reasonable precautions to prevent passengers from simultaneously ascending and descending the stairs, were the proximate cause of the fall.
 
 Conclusions of Law
 
 11
 1. The excessive height of the handrails and the protruding metal nosing independently support a finding of negligence because the nosing created a slippery surface and the handrails failed to provide adequate balance to a person of plaintiff's height.
 
 
 12
 2. Carnival Cruise Lines had the duty to take reasonable precautions to prevent passengers from simultaneously ascending and descending the stairs, because such use was hazardous due to the width and incline of the stairs.
 
 
 13
 3. Carnival Cruise Lines breached its duty to prevent such simultaneous use because it failed to take any measure to prevent such use and invited such use by the placement of signs on the steps that could be read by both ascending and descending passengers.
 
 
 14
 4. The breach of Carnival Cruise Lines' duty to take reasonable precautions to prevent the simultaneous use of the stairs independently supports a finding of negligence because such use created an unreasonable risk of injury to plaintiff.
 
 
 15
 The findings in # 2 and # 3 provide the factual support the Ninth Circuit was seeking to demonstrate that Carnival had constructive notice that these conditions were dangerous. The district court has concluded that the presence of the condition gives rise to liability. We agree.
 
 
 16
 We affirm.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 The Honorable Jack E. Tanner, U.S. District Judge for the District of Western Washington, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3