967 F.2d 589
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Martha E. PORTER, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 91-55663.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 4, 1992.*
Decided June 11, 1992.
 
 Before D.W. NELSON, BOOCHEVER and DAVID R. THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 OVERVIEW
 
 2
 This action, brought under the Federal Torts Claims Act, arises out of an automobile collision between Martha E. Porter and U.S. Customs Service Special Agent Jeffrey Scott Jordan, a United States government employee. Porter appeals the judgment of the district court assessing her damages and apportioning 80% of the fault to her. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.
 
 FACTS
 
 3
 On June 21, 1989, Porter was driving eastbound on 12th Street in Long Beach, California. She stopped at a stop sign at the corner of 12th Street and Santa Fe Avenue, and then turned right onto southbound Santa Fe Avenue. Jordan, driving a government vehicle, pulled up to the stop sign behind Porter. Jordan first looked to his left, looked to his right, looked again to his left, and then turned right onto Southbound Santa Fe Avenue behind Porter.
 
 
 4
 Shortly after turning on Santa Fe Avenue, Porter stopped her automobile after traveling only a few feet, in order to permit a truck, which had come out of a driveway along Santa Fe Avenue, to pass in front of her automobile. Although nothing impeded Porter's vision, she did not see the truck until after she had made her right turn and the truck had pulled out. When Jordan saw that Porter stopped her automobile, he attempted to stop, but he slid on some loose gravel and collided into Porter's automobile.
 
 
 5
 The district court found that Jordan's vehicle was traveling at 5 miles per hour or less at the time of the collision, and that the impact was such as to cause minor cosmetic damage to the two vehicles.
 
 
 6
 After hearing testimony from Porter and Jordan, the district court found that both were negligent.
 
 
 7
 [Porter] was negligent in not observing the truck pulling out of the driveway until the truck had pulled completely out on to Santa Fe Avenue, so that she was forced to come to a stop immediately after negotiating her turn on to Santa Fe Avenue. Jordan was negligent in not seeing plaintiff's automobile until it was too late for him to make a safe stop. After looking to his left, looking to the right, and then looking to his left again, however, Jordan had little duty under the circumstances to look again to the right, as the primary danger, if any, was in clearing traffic to his left.
 
 
 8
 Findings, p 9. The court apportioned 80% of the fault to Porter and 20% to Jordan. The court found that Porter suffered the following damages: $525 in lost wages, $3,355 in reasonable chiropractic services, and $6,000 in pain and suffering, for a total of $9880. The court then entered judgment for Porter in the amount of $1,976, which is 20% of her total damages. This appeal followed.
 
 DISCUSSION
 A. Standard of Review
 
 9
 We review the district court's findings of comparative negligence for clear error. See Barnett v. Sea Land Serv., Inc., 875 F.2d 741, 745 (9th Cir.1989). We also review the district court's determination of damages for clear error. Akiona v. United States, 938 F.2d 158, 161 (9th Cir.1991), cert. denied, 60 U.S.L.W. 3673 (U.S. Mar. 30, 1992). We must affirm unless, after a review of all the evidence, we are left with a definite conviction that a mistake has been committed. Barnett, 875 F.2d at 745-46.
 
 B. Comparative Negligence
 
 10
 Porter contends that the district court clearly erred in finding that she was negligent, and apportioning 80% of the fault to her. We disagree. The district court carefully considered Porter and Jordan's testimony. The court found that Porter failed to see the truck pulling out onto Santa Fe Avenue before she made her turn, even though nothing obstructed her view. It further found that Jordan looked left, right, and left again before turning. The court noted that the angle of Porter's car supported Jordan's version of the facts.
 
 
 11
 "[W]hen a trial judge's finding is based on his decision to credit the testimony of one of two or more witnesses, each of whom has told a coherent and facially plausible story that is not contradicted by extrinsic evidence, that finding, if not internally inconsistent, can virtually never be clear error." Anderson v. Bessemer City, 470 U.S. 564, 575 (1985). After examining all the evidence, we are not left with the definite conviction that the district court committed a mistake in apportioning 80% of the fault to Porter.
 
 
 12
 C. Testimony Regarding Shoulder Injury Damages
 
 
 13
 Porter next argues that the district court erred in failing to consider and accept the uncontradicted medical testimony of orthopedist Dr. Allen R. Leroy that Porter suffered from a shoulder injury proximately caused by the accident. Dr. Leroy testified that as a result of the accident, Porter experienced shoulder pain caused by either chronic tendinitis or a small tear in the rotator cuff.
 
 
 14
 Contrary to Porter's contention, there is no indication that the district court refused to consider and accept Dr. Leroy's testimony that Porter suffered pain in her shoulder as a result of the accident. The court noted that it believed Porter suffered pain, at least in the past, R.T. 139, and set her damages for pain and suffering at $6,000. This finding is not clearly erroneous.
 
 D. Dr. Leroy's Bill
 
 15
 Finally, Porter argues that the district court clearly erred in excluding from damages Dr. Leroy's $1,075 bill for consultation and the reasonable value of the Magnetic Resonance Imaging (MRI) test.[1] The court found that these orthopedic-related expenses were "essentially in the nature of consulting services and were not reasonably necessary."
 
 
 16
 Consultation with a medical expert in preparation for litigation (and not for treatment) is a cost of litigation. See Evers. v. Cornelson, 209 Cal.Rptr. 497, 501 (Ct.App.1984). Such consultation is not a reasonably necessary medical expense included in computing a plaintiff's damages.
 
 
 17
 Dr. Wilkinson, Porter's chiropractor who referred Porter to Dr. Leroy, testified that Dr. Leroy's reports did "not particularly" impact on Porter's treatment schedule. Dr. Wilkinson also "didn't consider" Dr. Leroy's recommendation of electrical stimulation. Dr. Leroy testified that he works as an independent contractor for an organization that solicits lawyers and takes liens on the outcome of personal injury cases.
 
 
 18
 The district court did not clearly err in finding that Dr. Leroy's bill and the MRI test were not reasonably necessary for Porter's medical treatment.
 
 
 19
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for disposition without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Dr. Leroy testified that $900 is a reasonable value of the test, even though the actual bill was for $1,180. Porter agrees that $900 is the reasonable value of the test