972 F.2d 1340
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Mary Faye LAUFFER, Plaintiff-Appellant,
v.
UNITED STATES of America; Dept. of Defense; Veterans
Administration, Defendants-Appellees.
 No. 91-16229.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 18, 1992.*
Decided Aug. 26, 1992.
 
 1
 Before KOZINSKI and DAVID R. THOMPSON, Circuit Judges, and REA, District Judge.**
 
 
 2
 MEMORANDUM***
 
 OVERVIEW
 
 3
 Mary Faye Lauffer brought this action for personal injuries and wrongful death under the Federal Tort Claims Act. She alleged that the government negligently cared for and supervised her grandson, Michael Bahrs Hansen, and failed to warn of Hansen's propensity for violence. Hansen stabbed to death Joseph Jacob Lauffer, Hansen's step-grandfather and Lauffer's husband, and inflicted multiple stab wounds on Lauffer. Following a bench trial, the district court[1] granted judgment for the defendant. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.
 
 FACTS
 
 4
 The relevant facts are set forth in the district court's Findings of Facts and Conclusions of Law ("Findings and Conclusions"), and we merely summarize them here. Hansen served in the United States Navy from 1977 through 1980. In 1981, he was honorably discharged from the Navy with a personality disorder found to be 100% service connected.
 
 
 5
 Hansen spent the next five years in and out of hospitals, including the Veterans Administration Medical Center ("VAMC"), both as an involuntarily committed patient, and as a voluntary patient. He was diagnosed with schizophrenic disorders, and placed on various therapies and medications. At one point he left VAMC without permission. Upon his return to Arizona, a conservator of his estate was appointed, but he remained free to make some decisions regarding his assets.
 
 
 6
 Hansen was involved in several violent incidents. While enrolled as a student at Grand Canyon College, Hansen poured a soft drink upon a dormitory roommate. In 1984, Lauffer informed VAMC personnel that Hansen hit her during an episode of illness. Also in that year Hansen reportedly held a knife to the throat of an aide working for Maryland Gardens, one of Hansen's supervised residences. He also reportedly hit an elderly patient three weeks earlier. The district court found that "[t]he incidents at Maryland Gardens are the only incidents of homicidal ideation reflected in the VAMC records."
 
 
 7
 Early in 1986, Hansen made a comment about his grandparents to Marian Burkett, operator of another of Hansen's supervised residences. According to Burkett, Hansen stated: "What do I have to do, kill them before they kill me?" Burkett testified that she believed this to be "an emotional cry for help" by Hansen, because the Lauffers were smothering him emotionally.
 
 
 8
 Hansen indicated that he wished to live in an apartment independently. On August 16, 1986, Hansen signed an apartment lease and moved. On August 23, Hansen attacked Lauffer and her husband, wounding her and killing him. Lauffer has required ongoing medical and psychological care since the attack. Hansen was charged with second degree murder and attempted murder, but the state court found him not guilty by reason of insanity.
 
 
 9
 In her complaint, Lauffer alleged that (1) the VAMC failed to warn people in close proximity to Hansen of his propensity for violence; (2) the VAMC was negligent in failing to provide care and treatment for Hansen in accordance with the applicable standards of medical care; and (3) the VAMC had a duty to more closely monitor Hansen and was negligent in not investigating more thoroughly the circumstances and conditions at the time he was allowed to move into his apartment. After a three-day trial, the district court found in favor of the government. This appeal followed.
 
 DISCUSSION
 
 10
 We review a district court's factual findings for clear error. Fed.R.Civ.Proc. 52(a); Anderson v. City of Bessemer City, 470 U.S. 564 (1985). Although the question of negligence is a mixed question of law and fact, we review the district court's findings under the clearly erroneous standard. Barnett v. Sea Land Serv. Inc., 875 F.2d 741, 745 (9th Cir.1989).
 
 
 11
 Although Lauffer raises a number of arguments on appeal, the crux of her argument appears to be that the district court erred in failing to apply the rule set forth by the Arizona Supreme Court in Hamman v. County of Maricopa, 775 P.2d 1122 (Ariz.1989). The Hamman court held that therapists owe a duty to warn third persons "whose circumstances place them within the reasonably foreseeable area of danger where the violent conduct of the patient is a threat." Id. at 1129. The court also held that the duty to warn third persons was not limited to the situation where the patient verbalized specific threats against those persons. Id. at 1128.[2] The district court ruled that Hamman did not apply retroactively.
 
 
 12
 We need not decide whether the court erred in failing to apply Hamman retroactively, because the district court held, and we agree, that Lauffer could not recover even if Hamman did apply.
 
 
 13
 Based upon a totality of the evidence here presented, the court concludes that [Hansen] did not pose a serious threat of violence to anyone in 1986. His past incidents of violence were not directed to the plaintiff and did not present any pattern. Further, there were no indications of violence in 1986, prior to August 23, 1986....
 
 
 14
 The court concludes that plaintiff has not established, by a preponderance of the evidence, that she and her husband were subject to probable risk of [Hansen]'s violent conduct on April 23, 1986. The decision in Hamman is inapposite.
 
 
 15
 Findings and Conclusions 18-19.
 
 
 16
 The district court's findings are not clearly erroneous. The court based its findings in part on the testimony of Dr. Burgoyne, one of Hansen's former psychiatrists. It gave less weight to the testimony of Dr. Breen, plaintiff's expert psychiatrist, who never treated Hansen. "[W]hen a trial judge's finding is based on his decision to credit the testimony of one of two or more witnesses, each of whom has told a coherent and facially plausible story that is not contradicted by extrinsic evidence, that finding, if not internally inconsistent, can virtually never be clear error." Anderson, 470 U.S. at 575.
 
 
 17
 Lauffer argues in essence that the district court's finding is clearly erroneous because Lauffer and her husband "were the only reasonably foreseeable people in the 'zone of danger' " of Hansen. But this argument presupposes that before the attack someone was in the zone of danger. The district court found that before the attack no one appeared in serious danger.
 
 
 18
 Moreover, because the court found that Lauffer could not recover even if Hamman applied, we cannot say that Lauffer was prejudiced by the admission of testimony by Dr. Burgoyne regarding whether mental health providers in 1986 owed a duty to warn third persons that was consistent with Hamman. See Roberts v. College of the Desert, 870 F.2d 1411, 1418 (9th Cir.1988) (evidentiary rulings will not be reversed absent some prejudice).
 
 
 19
 Finally, Lauffer argues that the district court erred by failing to take into account the fact that the defendant had other options available to control Hansen besides an involuntary commitment proceeding. Lauffer's argument is without merit. The district court found that the VAMC staff complied with the applicable standard of care in the diagnosis, care and treatment of Hansen. Its finding was not based upon evidence that the defendant's "hands were tied" because Hansen could not be committed.[3]
 
 
 20
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for disposition without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 Hon. William J. Rea, United States District Judge for the Central District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Pursuant to a stipulation of the parties, a magistrate judge sat as the district court
 
 
 [2]
 The Arizona Legislature subsequently limited therapists' liability to those circumstances where the patient has communicated "an explicit threat of imminent serious physical harm or death to a clearly identified or identifiable victim or victims, and the patient has the apparent intent and ability to carry out such threat." Ariz.Rev.Stat. § 37-517.02(A)(1). The parties agree that the statute does not apply retroactively to this case
 
 
 [3]
 Based on our holding, we need not reach Lauffer's argument that the district court erred in finding that Hansen's acts were an intervening and superseding cause of Lauffer's injuries