87 F.3d 1325
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Third-Party-Plaintiff-Appellee,
v.
STATE OF NEVADA, Third-Party-Defendant-Appellant.
 No. 94-17123.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 15, 1996.*
Decided June 19, 1996.
 
 Before: SCHROEDER, D.W. NELSON and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 The district court didn't clearly err in finding Nevada negligent, as there was evidence that it knew there was a gravel-erosion problem despite the drain, but failed to correct it, S.E.R. 28; E.R. 113-14. See Barnett v. Sea Land Service, Inc., 875 F.2d 741, 745 (9th Cir.1989) (district court's finding of negligence reviewed for clear error).
 
 
 3
 Paragraph 15 of the lease does not exculpate Nevada from liability for its own negligence. That paragraph must be read together with paragraph 14 to avoid rendering paragraph 14 superfluous. See Brinderson-Newberg v. Pacific Erectors, 971 F.2d 272, 278-279 (9th Cir.1992), cert. denied, 507 U.S. 914 (1993). So read, the paragraphs provide only that the United States will indemnify Nevada for negligent acts of post office employees (paragraph 14) that occur during the existence of the lease (paragraph 15). E.R. 51-52.
 
 
 4
 The negligence of the United States was not an intervening cause, superseding Nevada's negligence, as it was foreseeable the United States would negligently fail to clean up the eroded gravel. See Van Cleave v. Kietz-Mill Minit Mart, 633 P.2d 1220, 1221 (Nev.1981).
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3