**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

JUN 17 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| VALERIE J. WITHROW, FKA Valerie J. Hunt,<br><br>        Plaintiff - Appellant,<br><br>v.<br><br>BACHE HALSEY STUART SHIELD, INC. SALARY PROTECTION PLAN (LTD),<br><br>        Defendant - Appellee. | No. 13-55812<br><br>D.C. No. 3:06-cv-00369-JAH-RBB<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
John A. Houston, District Judge, Presiding

Argued and Submitted June 2, 2015
Pasadena, California

Before: M. SMITH and N.R. SMITH, Circuit Judges and LAMBERTH,[**] Senior District Judge.

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

     [**]     The Honorable Royce C. Lamberth, Senior District Judge for the U.S. District Court for the District of Columbia, sitting by designation.

Valerie Withrow appeals the district court's Findings of Fact, Conclusions of Law and Order, following a bench trial, in favor of Bache Halsey Stuart Shield, Inc. Salary Protection Plan (LTD) in Withrow's ERISA action. Withrow alleges that she is entitled to increased monthly disability payments arising from an alleged miscalculation and misapplication of the terms of the group disability insurance contract (the Plan) issued by Reliance Insurance Company ("Reliance"). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.     We do not find the plain language of the Plan to be ambiguous. The Plan provides that benefits would be based on "monthly earnings." 2 ER 103. Although the Plan does not define "monthly earnings," it defines "Salary" as "the monthly salary" plus "the average commissions during the preceding 24 month period, or from the date of employment, if employed less than 24 months." 2 ER 105. The clear meaning of the term "salary" is that the "preceding 24 month period" applies to that time period immediately preceding an employee's disability; the only basis for applying a period less than 24 months is if the employee was not employed for the full term. Thus, there is no ambiguity. *See Evans v. Safeco Life Ins. Co.*, 916 F.2d 1437, 1441 (9th Cir. 1990) (noting that the court "will not artificially create ambiguity where not exists. If a reasonable interpretation favors the insurer and

2

any other interpretation would be strained, no compulsion exists to torture or twist the language of the policy." (internal citations and quotation marks omitted)).

Even assuming the Plan's definition of "salary" contained an ambiguity (as applied to Withrow), the district court did not err in finding the *contra proferentem* doctrine was not applicable here. *See Kunin v. Benefit Trust Life Ins. Co.*, 910 F.2d 534, 538-39 (9th Cir. 1990). Looking at the contract terms based on the "reasonable expectations of a lay person," the district court did not err in finding that Withrow's interpretation of the Plan was not "objectively reasonable." *See Allstate Ins. Co. v. Ellison*, 757 F.2d 1042, 1044 (9th Cir. 1985).

Withrow's argument that the "preceding 24 month period" means something other than 24 months is an unreasonable and strained interpretation of the policy. *See Peterson v. Am. Life & Health Ins. Co.*, 48 F.3d 404, 411-12 (9th Cir. 1995). Withrow argues that because she was out on disability for several months during the 24-month period preceding her disability date, Reliance should have considered only the months in that period in which she actively worked and earned commissions. However, the terms explicitly anticipate consideration of fewer than 24 months only where an employee has been employed for fewer than 24 months. Nothing in the record indicates that Withrow ceased to be employed during this

3

period– even when not actively working– and Withrow's counsel conceded in oral argument that Withrow was continuously employed by Bache Halsey Stuart Shield, Inc. from 1976 to 1986. Furthermore, Withrow's counsel conceded that in those months during the 24-month period in which Withrow was out on disability, she received payments under a "Salary Continuation Plan" that her employer purchased as a source of funding to pay the benefits of disabled employees. Therefore, Withrow received monthly earnings throughout the 24-month period immediately preceding her disability. While Reliance chose not to calculate her disability benefits based on these 24 months, its chosen interpretation was *more* favorable to Withrow and was reasonable under these circumstances.

2.     The district court did not err in determining that Withrow's date of disability was March 14, 1986. In Withrow's case, a later disability date would entitle her to a higher benefit amount; however, the district court's determination is supported by evidence in the record. Withrow's own doctor believed that she was disabled as of March 14, 1986. 2 ER 96. Additionally, the evidence demonstrates that Withrow told Reliance that she received California Disability Insurance benefits from March through July, 1986. 3 ER 569, 4 ER 601, 4 ER 628. She stopped collecting the benefits when she returned to work, but resumed collection in September 1986. *Id.*

4

3.     The district court did not err in adopting defendant-appellee's proposed findings of fact and conclusions of law without directly addressing all of Withrow's arguments. Although this court reviews the district court's findings of fact and conclusions of law "with special scrutiny," because they were adopted nearly verbatim from a party to the lawsuit, *Silver v. Exec. Car Leasing Long-Term Disability Plan*, 466 F.3d 727, 733 (9th Cir. 2006), the district court was entitled to do so, *Barnett v. Sea Land Serv., Inc.*, 875 F.2d 741, 745 (9th Cir. 1989); *Anderson v. City of Bessemer*, 470 U.S. 564, 572 (1985). While some of the district court's findings are lacking in particularity, they are not so deficient as to prevent this court from effectively exercising its role of review. The district court "state[d] findings sufficient to indicate the factual basis for its ultimate conclusion." *Unt v. Aerospace Corp.*, 765 F.2d 1440, 1444 (9th Cir. 1985). Even to the extent that the district court may have stated mere conclusions, no remand is necessary because the basis for the court's decision is clear on the record. *Id.*

     **AFFIRMED.**