Judith Barbara **WILLIAMSON**,
Plaintiff-Appellee,

v.

**WESTERN PACIFIC DREDGING CORP.**, Defendant-Appellant.

Judith Barbara **WILLIAMSON** et al.,
Plaintiffs-Appellants,

v.

**WESTERN PACIFIC DREDGING CORP.**, Defendant-Appellee.

Nos. 25156, 25157.

United States Court of Appeals,
Ninth Circuit.

April 9, 1971.

Lloyd W. Weisensee (argued), of Gray, Fredrickson & Heath, Portland, Or., for defendant-appellant.

Walter H. Evans, Jr. (argued), William D. Peek, John Gordon Gearin, Vergeer, Samuels, Roehr & Sweek, Portland, Or., for plaintiffs-appellees.

Before JERTBERG, BROWNING, and TRASK, Circuit Judges.

BROWNING, Circuit Judge,

We affirm the district court's holding that in the particular circumstances of this case plaintiff's decedent, a seaman employed aboard defendant's dredge who lived at home and drove to and from work daily, was entitled to recover both maintenance and cure and damages under the Jones Act because of injuries sus-

tained in an automobile accident while commuting. *See* 304 F.Supp. 509 (D. Ore.1969).

■ Defendant argues that maintenance and cure should be available for shoreside injuries only when they are incurred on shore leave and that plaintiff's decedent was not on shore leave but was living in his own home under conditions that made the rationale of the shore leave cases inapplicable to him.

It is true that the district court cited shore leave cases and that passages in the court's opinion may suggest that maintenance and cure was awarded on the premise that the accident occurred while the decedent was on a "daily" shore leave.

The court relied upon the shore leave cases primarily, however, to support the proposition that maintenance and cure may be recovered even though the seaman's injury did not occur aboard ship. Moreover, shore leave was not involved in either of the two cases upon which the court principally relied, Weiss v. Central R. R., 235 F.2d 309 (2d Cir. 1956), and Hudspeth v. Atlantic & Gulf Stevedores, Inc., 266 F.Supp. 937 (E.D.La. 1967). In both, as defendant itself points out, the disability resulted from the seamen's activities while on duty. Thus the award of maintenance and cure rested upon the district court's finding, supported by the record, that commuting was part of the job plaintiff's decedent was employed to perform—that in the circumstances of this case "the hazards of the journey may fairly be regarded as the hazards of the service." Cardillo v. Liberty Mutual Ins. Co., 330 U.S. 469, 479, 67 S.Ct. 801, 807, 91 L.Ed. 1028 (1947).[1]

*See* Hopson v. Texaco, Inc., 383 U.S. 262, 86 S.Ct. 765, 15 L.Ed.2d 740 (1966);[2] Magnolia Towing Co. v. Pace, 378 F.2d 12 (5th Cir. 1967);[2] Sullivan v. United States, 73 F.Supp. 525 (S.D.N.Y.1947), aff'd, 179 F.2d 924 (2d Cir. 1949). For this reason it does not necessarily follow from the district court's decision, as defendant suggests, that defendant would have been liable had plaintiff's decedent sustained the injury at home. That would be another case, as to which we intimate no opinion.[3]

■ With respect to Jones Act liability, defendant's argument consists largely of an attack upon the factual support for the district court's conclusion that plaintiff's decedent and the driver of the car were acting in the course of their employment. As we have said, and as the district court's opinion reflects, this finding had adequate support in the record. Defendant argues with particular vigor that it lacked power to control the commuters. It is sufficient to repeat: "The presence or absence of control is certainly a factor to be considered. But it is not decisive. An employer may in fact furnish transportation for his employees without actually controlling them during the course of the journey or at the time and place where the injury occurs. * * * And in situations where the journey is in other respects incidental to the employment, the absence of control by the employer has not been held to preclude a finding that an injury arose out of and in the course of employment." Cardillo v. Liberty Mutual Ins. Co., *supra*, 330 U.S. at 480–481, 67 S.Ct. at 808.

---

1. This Workmen's Compensation Act case interpreting the phrase "in the course of employment" is relevant because the Jones Act utilizes the same standard, 46 U.S.C. § 688, which "is the equivalent of the 'service of the ship' formula used in maintenance and cure cases." Braen v. Pfeifer Oil Transp. Co., 361 U.S. 129, 133, 80 S.Ct. 247, 250, 4 L.Ed.2d 191 (1959).

2. These Jones Act cases are relevant under *Braen.*

3. Defendant also contends that the claim for maintenance and cure became "moot" when plaintiff received insurance benefits sufficient to pay medical and funeral expenses from a health and welfare trust fund to which defendant contributed. We do not reach the merits of this contention for there is nothing in the record or appeal to indicate that it was raised below.

Defendant argues that the district "court's reasoning would have supported recovery if Williamson had died from poisonous food negligently served by his wife. It likewise would have supported recovery if Williamson had fallen out of bed." The argument is faulty for two reasons. The district court's Jones Act holding, like the award of maintenance and cure, rested upon the premise that plaintiff's decedent was in the course of employment while commuting, not that all of his activities ashore fell within this category. In the second place, an employer's liability under the Jones Act is limited to "injuries negligently inflicted on its employees by its 'officers, agents, or employees.'" Hopson v. Texaco, Inc., *supra,* 383 U.S. at 263, 86 S.Ct. at 766. Defendant was liable under the Jones Act only because the injuries resulted from the negligence of one of its employees, the driver.

On her cross-appeal, plaintiff contends that the general damage award under the Jones Act was insufficient and that the court should have allowed prejudgment interest calculated from the time of death.

We agree with defendant that in such a case as this "damages are most difficult of assessment and many items * * * can only be set arbitrarily." We cannot say that the district court's finding of damages was clearly erroneous. Although it may well be that prejudgment interest is available in a Jones Act case tried, as here, in admiralty, *see* Sanford Bros. Boats, Inc. v. Vidrine, 412 F.2d 958, 972–973 (5th Cir. 1969); Moore-McCormack Lines, Inc. v. Richardson, 295 F.2d 583, 592–593 (2d Cir. 1961); Petition of Marina Mercante Nicaraguense, S.A., 248 F.Supp. 15, 25 n. 22 (S.D.N.Y.1965); Gardner v. National Bulk Carriers, Inc., 221 F.Supp. 243, 247–248 (E.D.Va.1963), aff'd, 333 F.2d 676 (4th Cir. 1964), the allowance of interest rests with the trial court's sound discretion, *see, e. g.,* Gardner v. National Bulk Carriers, Inc., 333 F.2d 676 (4th Cir. 1964), and plaintiff has made no attempt to show that the court abused its discretion here.

Affirmed.