**Louis R. LANIER, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 25700.**

United States Court of Appeals, Ninth Circuit.

April 18, 1972.

**62**

———◆———

Alfred G. Johnson (argued) of Sullivan & Sullivan, San Francisco, Cal., for appellant.

Jack G. Knebel (argued), Norman B. Richards, of McCutchen, Doyle, Brown & Enersen, Lawrence F. Ledebur, Chief, Admiralty & Shipping Sect., Dept. of Justice, James L. Browning, Jr., U. S. Atty., San Francisco, Cal., for appellee.

Before KOELSCH and GOODWIN, Circuit Judges, and CARR, District Judge*.

PER CURIAM:

A merchant seaman appeals a summary judgment which held, in effect, that the owner of the ship has no duty to furnish land transportation to members of the crew ashore on liberty in Saigon, Republic of Vietnam.

The plaintiff in this admiralty action was injured when a motor bicycle operated for hire by an enterprising Vietnamese carried him into a collision with another vehicle in Saigon-bound traffic.

The plaintiff asserted that the shipowner was negligent in failing to provide land transportation to convey off-duty sailors from the pier into town, a distance of some two miles. He also alleged that the shipowner was negligent in failing to warn him that the available land transportation was not dependable. An allegation that the vessel was unseaworthy because of a failure to supply safe land transportation was included in the record on appeal, but abandoned on oral argument.

The ship was berthed at a United States port facility serving Saigon. The record indicates that taxis served the area but none was immediately available to the plaintiff at the time he decided to go into town.

The trial court granted summary judgment, on the ground that the shipowner's duty to his crew does not yet require the vessel to provide land transportation for recreational purposes. We agree.

The plaintiff's reliance on Williamson v. Western Pacific Dredging Corp., 441 F.2d 65 (9th Cir.), cert. denied, 404 U.S. 851, 92 S.Ct. 90, 30 L.Ed.2d 91 (1971), is misplaced. Williamson was required by the terms of his employment to engage in the travel during the course of which he was injured. Lanier was neither required to travel nor limited by the shipowner in his choice of direction or mode of travel once he was ashore.

There was no evidence of any fact that would impose upon the master of the vessel a duty to evaluate local land transportation and issue warnings to seamen who might wish to visit Saigon.

Affirmed.

---

* The Honorable Charles H. Carr, United States District Judge for the Central District of California, sitting by designation.