789 F.2d 790
 20 Fed. R. Evid. Serv. 1274
 Johnathan L. VANCE, Plaintiff-Appellee/Cross-Appellant,
v.
AMERICAN HAWAII CRUISES, INC., and American Global Lines,
Inc., Defendants-Appellants/Cross-Appellees.
 Nos. 85-2043, 85-2095.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Nov. 15, 1985.
Decided May 13, 1986.
 
 Benjamin L. Carroll, III, Christopher P. McKenzie, McKenzie, Trecker & Fritz, Honolulu, Hawaii, for plaintiff-appellee/cross-appellant.
 Robert C. Frame, Alcantara & Frame, Honolulu, Hawaii, for defendants-appellants/cross-appellees.
 Appeal from the United States District Court for the District of Hawaii.
 Before SKOPIL, FLETCHER, and ALARCON, Circuit Judges.
 SKOPIL, Circuit Judge:
 
 
 1
 American Hawaii Cruises, Inc. and American Global Lines, Inc. appeal a damage award to Johnathan Vance based on a personal injury Vance sustained while cleaning a berth. Vance cross-appeals the trial court's denial of prejudgment interest. We affirm the damage award and reverse and remand for determination of whether special circumstances exist to justify the denial of prejudgment interest.
 
 FACTS AND PROCEEDINGS BELOW
 
 2
 Vance worked as a bedroom steward on a cruise ship owned by appellant American Global Lines, Inc. and operated by Vance's employer, appellant American Hawaii Cruises, Inc.
 
 
 3
 Vance volunteered to help his shipmate, Thomas Silva, clean Silva's new berth. Vance and Silva cleaned with some spray cleaner, a washcloth, and a dirty pillow found in the room. Vance claimed that proper cleaning materials were unavailable that night.
 
 
 4
 The berth contained a bunkbed with no mattress or springs on the upper bunk. According to Vance, in order to clean high on the bulkheads he removed his slippers, climbed up on the lower mattress, and mounted the crossbars of the bunks' headboard. Vance testified that when he stepped down on the mattress his foot slipped onto the bedframe, where the jagged stub of a broken-off bunk rail gouged flesh from his heel. Silva was cleaning the bathroom and did not see the accident. Vance was treated, was declared not fit for duty, and left the ship.
 
 
 5
 The morning after the accident, the ship's captain and hotel manager investigated the accident. The captain's report rejected Vance's version of the accident. The captain stated that Vance had kicked off the bunk rail while practicing karate and cut his foot on the resulting jagged edge.
 
 
 6
 Vance's doctor testified that a neuroma had formed in the area of the one to two centimeter scar on the inside of Vance's right heel. Vance testified he feels discomfort when he jogs, performs martial arts, wears dress shoes, or stands or walks continuously for more than half an hour.
 
 
 7
 After a bench trial of Vance's claim of negligence and unseaworthiness, the court awarded Vance $1,112.03 in special damages and $25,000.00 in general damages, but discounted Vance's total award by twenty-five percent for Vance's contributory negligence, and denied Vance's request for prejudgment interest.
 
 
 8
 Appellants argue the court's findings of fact and conclusions of law are inadequate for appellate review, the court's findings of fact are clearly erroneous, and the general damages award is excessive. Appellants also contend the court wrongly excluded Vance's personnel record from consideration as evidence. Vance cross-appeals the trial court's denial of prejudgment interest.
 
 DISCUSSION
 
 9
 1. Adequacy of the District Court's Findings and Conclusions.
 
 
 10
 In bench trials, Fed.R.Civ.P. 52(a) requires a court to "find the facts specially and state separately its conclusions of law thereon." One purpose behind Rule 52(a) is to aid the appellate court's understanding of the basis of the trial court's decision. Lumbermen's Underwriting Alliance v. Can-Car, Inc., 645 F.2d 17, 18 (9th Cir.1980). This purpose is achieved if the district court's findings are sufficient to indicate the factual basis for its ultimate conclusions. Kelley v. Everglades Drainage District, 319 U.S. 415, 422, 63 S.Ct. 1141, 1145, 87 L.Ed. 1485 (1943); Fluor Corp. v. United States ex rel. Mosher Steel Co., 405 F.2d 823, 828 (9th Cir.), cert. denied, 394 U.S. 1014, 89 S.Ct. 1632, 23 L.Ed.2d 40 (1969). Failure to comply with Rule 52(a) does not require reversal unless a full understanding of the question is not possible without the aid of separate findings. Alpha Distributing Co. v. Jack Daniel Distillery, 454 F.2d 442, 453 (9th Cir.1972). We will affirm the district court if the findings are sufficiently comprehensive and pertinent to the issues to provide a basis for the decision, or if there can be no genuine dispute about omitted findings. Magna Weld Sales Co. v. Magna Alloys & Research Party, 545 F.2d 668, 671 (9th Cir.1976).
 
 
 11
 Appellants argue that the district court's findings of fact and conclusions of law are inadequate because (1) there is no subsidiary finding to support the court's "ultimate" finding that the bunk rail was broken off before the date of the accident; (2) the court's conclusion of law that the ship was unseaworthy is not supported by subsidiary findings of fact that the bunk was unfit for its intended use and that Vance himself did not create the hazard; and (3) there are no specific factual findings of the nature of Vance's contributory negligence to support only a twenty-five percent setoff. In addition, appellants claim the trial judge's almost verbatim adoption of Vance's proposed findings and conclusions requires a remand. These arguments are without merit.
 
 
 12
 The "ultimate" finding that the bunk rail was broken off before the date of the accident is sufficiently comprehensive to provide a basis for the court's decision. The court reached this finding from photographs and trial testimony and is not required to base its findings on each and every fact presented at trial. See Carr v. Yokohama Specie Bank, 200 F.2d 251, 255 (9th Cir.1952).
 
 
 13
 A full understanding of the issue of unseaworthiness in this case may be had without separate, specific findings that the bed was unfit for its intended purpose and that Vance did not create the hazard. See Alpha Distributing Co., 454 F.2d at 453 (reversal warranted only if full understanding not obtainable without separate findings). As the trial court observed, a seaman would naturally use the rail of a lower bunk to climb onto the upper bunk. A specific finding that the jagged piece of metal on the lower bunk rendered it unfit for such use would not improve this court's understanding of the issue of unseaworthiness. On the second point, the court's finding that the metal protrusion existed before the date of Vance's accident is tantamount to stating Vance did not himself create the hazard.
 
 
 14
 The court's findings of fact are sufficiently comprehensive to provide a basis for contributory negligence. The court found Vance "took off his slippers and ... stepped onto the metal frame at the head of the bunk in order to reach higher to accomplish his cleaning." At trial, much was made of Vance's contributory negligence in "precariously balancing" above the bedframe to clean higher on the walls, instead of obtaining available cleaning supplies that were suited to the job. Little genuine dispute is possible regarding the court's finding of contributory negligence under these circumstances. See Magna Weld Sales Co., 545 F.2d at 671.
 
 
 15
 A remand is unnecessary. The findings adopted by the court are supported by evidence in the record. The court heard detailed testimony from four witnesses about the accident and looked at photographic exhibits of the bed taken shortly after the accident. We conclude the district court's findings and conclusions of law are adequate for appellate review.
 
 
 16
 2. Substance of the Court's Findings.
 
 
 17
 "Fact findings made by admiralty trial courts are subject to the clearly erroneous standard of review. This standard also extends, under comparative negligence principles, to an admiralty court's apportionment of fault." Alkmeon Naviera S.A. v. M/V "Marina L", 633 F.2d 789, 796 (9th Cir.1980) (citations omitted). We must, therefore, affirm unless, after a review of all the evidence, we are left with the definite conviction that a mistake has been committed. Id.
 
 
 18
 Appellants argue that their theory of how the accident happened--that Vance injured himself kicking off the bed rail--is more likely than Vance's account. But the only eyewitness to the accident was Vance. Appellants provided testimony only of what the captain and hotel manager surmised to have happened. The trial court's observation of the demeanor and credibility of the witnesses in this case was crucial. Under a deferential standard of review, we will not overturn the trial court's findings.
 
 
 19
 3. General Damages Award.
 
 
 20
 The district court's damages award is a finding of fact, reviewed under the clearly erroneous standard. United States ex rel. Morgan & Son Earth Moving, Inc. v. Timberland Paving & Construction Co., 745 F.2d 595, 599 (9th Cir.1984). "[T]he size of a verdict does not justify its reversal if the amount does not shock the conscience or indicate that the trial judge was motivated by passion or prejudice." Siverson v. United States, 710 F.2d 557, 560-61 (9th Cir.1983) (citing United States v. Cline, 410 F.2d 1337, 1343 (9th Cir.1969)).
 
 
 21
 Appellants argue that the evidence at trial showed Vance's lifestyle was unchanged after the accident, and any minor discomfort suffered by Vance does not entitle him to general damages of $25,000. The trial court, however, believed Vance's testimony about the pain and discomfort the accident caused. Uncontroverted objective findings of an expert witness supported Vance's testimony. The award does not appear to be clearly erroneous or shocking to the conscience. The trial court's careful questioning of the attorneys about damages during closing arguments belies any claim the amount was based on passion or prejudice.
 
 
 22
 4. Evidentiary Ruling on Vance's Personnel Record.
 
 
 23
 A trial judge has wide discretion in dealing with impeachment on collateral matters. United States v. Abascal, 564 F.2d 821, 831 (9th Cir.1977), cert. denied, 435 U.S. 942, 98 S.Ct. 1521, 55 L.Ed.2d 538, 435 U.S. 953, 98 S.Ct. 1583, 55 L.Ed.2d 804 (1978). Our standard of review is whether the court abused its discretion. See United States v. Nace, 561 F.2d 763, 771 (9th Cir.1977).
 
 
 24
 Appellants first offered Vance's personnel record just before cross-examining Vance. The record contains disciplinary incidents and passenger complaints. At the time it was withdrawn as irrelevant.
 
 
 25
 Subsequently, during the testimony of Vance's witness, Thomas Silva, the following colloquy occurred:
 
 
 26
 Q. And why did you ask Johnathan Vance [to help you clean your room]?
 
 
 27
 A. He's a room steward, and through his reputation, he's really good at it. So I wanted to be extremely clean, so I asked him.
 
 
 28
 After Silva's testimony, appellants reoffered the personnel record, claiming Silva had "opened the door" regarding Vance's job performance. The trial court refused to admit the record. Appellants argue that the record should have been admitted to impeach Silva by contradicting his testimony of Vance's reputation.
 
 
 29
 Vance's job performance was not at issue. His reputation for cleaning is a collateral matter. The probative value of Vance's personnel record for determining Silva's ability and willingness to tell the truth is nearly insignificant. Considering the length of the personnel record and its irrelevance to the case in chief, the court did not abuse its discretion in keeping the record out.
 
 
 30
 5. Denial of Prejudgment Interest.
 
 
 31
 The decision to grant prejudgment interest rests with the discretion of the trial court. U.S. Dominator, Inc. v. Factory Ship Robert E. Resoff, 768 F.2d 1099, 1106 (9th Cir.1985). Accordingly, we review for an abuse of discretion. Columbia Brick Works, Inc. v. Royal Insurance Co., 768 F.2d 1066, 1068 (9th Cir.1985).
 
 
 32
 Appellants argue the district court did not err in denying prejudgment interest because it is never appropriate to award prejudgment interest on general damages in a personal injury case. In Williamson v. Western Pacific Dredging Corp., 441 F.2d 65, 67 (9th Cir.), cert. denied, 404 U.S. 851, 92 S.Ct. 90, 30 L.Ed.2d 91 (1971), a wrongful death case, we observed that prejudgment interest may be appropriate in personal injury cases tried on the admiralty side of the court. In Sauers v. Alaska Barge and Transport, Inc., 600 F.2d 238, 248 (9th Cir.1979), we awarded prejudgment interest in a personal injury case tried under admiralty jurisdiction. Prejudgment interest there, however, was awarded as a substitute for remanding to recalculate a damage award to take account of inflation. Id. Thus, we did not squarely address the issue in either Williamson or Sauers.
 
 
 33
 The rationale behind awarding prejudgment interest in admiralty cases is to compensate the wronged party for being deprived of the monetary value of the loss from the time of the loss to the payment of judgment. Turner v. Japan Lines, Ltd., 702 F.2d 752, 756 (9th Cir.1983). In personal injury cases, a plaintiff suffers such harm for delays with respect to special damages, which are awarded for lost earnings, hospital expenses, and the like. The extent of special damages and when they are suffered is easily ascertainable. By contrast, the extent of a plaintiff's general damages for pain and suffering caused by a personal injury is not easily ascertainable until fixed by judgment. Further, the element of delay between the time of injury and judgment with respect to a general damage award may be compensated for by inclusion of some amount in the damage award itself. See Handgards, Inc. v. Ethicon, Inc., 743 F.2d 1282, 1300 n. 28 (9th Cir.1984), cert. denied, --- U.S. ----, 105 S.Ct. 963, 83 L.Ed.2d 968 (1985).
 
 
 34
 Nevertheless, we have recognized that even where a claim is based on an unliquidated sum, courts have permitted in proper cases the recovery of prejudgment interest as a method of making a plaintiff whole. Turner, 702 F.2d at 756, n. 4; see also Hillier v. Southern Towing Co., 740 F.2d 583, 586 n. 4 (7th Cir.1984) (noting the distinction between liquidated and unliquidated damages is not determinative in admiralty cases), cert. denied, --- U.S. ----, 105 S.Ct. 961, 83 L.Ed.2d 966 (1985). There appears to be no question in several other circuits that prejudgment interest is appropriate in personal injury cases tried under the court's admiralty jurisdiction. E.g., Taliercio v. Compania Empressa Lineas Argentina, 761 F.2d 126, 129 (2d Cir.1985); Williams v. Reading & Bates Drilling Co., 750 F.2d 487, 491 (5th Cir.1985); Hillier, 740 F.2d at 585. The court in Hillier made it clear that the law permits an award of prejudgment interest on the intangible damages often assessed in personal injury actions. Hillier, 740 F.2d at 586. Indeed, the Fifth Circuit, in summarily remanding to allow the district court to reconsider awarding prejudgment interest in a maritime personal injury action, commented that "[s]uch an award, although within the Court's sound discretion, is well-nigh automatic in suits in the admiralty." Masters v. Transworld Drilling Co., 688 F.2d 1013, 1014 (5th Cir.1982).
 
 
 35
 Although we do not agree that prejudgment interest is "well-nigh automatic," we have held that, "[i]n admiralty, prejudgment interest must be granted unless peculiar circumstances justify its denial." Dillingham Shipyard v. Associated Insulation Co., 649 F.2d 1322, 1328 (9th Cir.1981). The district court here made no specific findings of fact to justify its denial of prejudgment interest. When a district court "fail[s] to articulate any reason why" prejudgment interest was denied, "the district court abuse[s] its discretion in refusing to award prejudgment interest." Edinburgh Assurance Co. v. R.L. Burns Corp., 669 F.2d 1259, 1263 (9th Cir.1982). We are therefore compelled to reverse the trial court's denial of prejudgment interest and remand for a determination of whether special circumstances justify the denial of Vance's request for prejudgment interest. See Alkmeon Naviera, 633 F.2d at 798 (summarizing peculiar circumstances allowing denial of prejudgment interest).
 
 
 36
 AFFIRMED in part, REVERSED and REMANDED with respect to prejudgment interest. Costs are awarded in favor of Vance.