977 F.2d 592
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Maria Jesus CAMPAS-PEREZ, Claimant-Appellant,
and
$144,260 in U.S. Currency; Fifteen Pieces of Jewelry, Defendants.
 No. 91-15542.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 15, 1992.
Decided Oct. 5, 1992.
 
 Before GOODWIN, FLETCHER and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Maria Campas-Perez appeals the district court's denial of her motion requesting prejudgment interest after she prevailed in the government's civil forfeiture action against her money and jewelry. The district court awarded Campas-Perez the money and jewelry on the ground that she was an innocent owner and awarded postjudgment but not prejudgment interest. We affirm.
 
 
 3
 The district judge ruled that nowhere did the government waive sovereign immunity granting the claimant the right to collect prejudgment interest. The decision to grant prejudgment interest is reviewed for an abuse of discretion. Vance v. American Hawaii Cruises, Inc., 789 F.2d 790, 794 (9th Cir.1986). Whether the government enjoys sovereign immunity in a particular application, however, is a question of law and is reviewed de novo. McCarthy v. United States, 850 F.2d 558, 560 (9th Cir.1988), cert. denied, 489 U.S. 1052 (1989).
 
 
 4
 "In the absence of an express congressional consent to the award of interest separate from a general waiver of immunity to suit, the United States is immune from an interest award." Library of Congress v. Shaw, 478 U.S. 310, 314 (1986). The pertinent statute, 28 U.S.C. § 2465, says nothing specifically about prejudgment or postjudgment interest but does state that a claimant is not entitled to costs.[1]
 
 
 5
 Answering the argument that delay in the initiation of forfeiture proceedings could violate due process, this court has said in obiter dictum that "the currency seized was not a wasting asset; any value lost by its retention could have been restored by the addition of interest had Ivers prevailed in the forfeiture action." See Ivers v. United States, 581 F.2d 1362, 1373 (9th Cir.1978). Ivers cited no authority and was not addressing the question of the continued vitality of the long-standing principles of sovereign immunity recognized by the Court in Library of Congress v. Shaw.
 
 
 6
 Subsequent to oral argument this court ordered supplemental briefing concerning possible implications of our recent decision in United States v. 50.50 Acres of Land, 931 F.2d 1349 (9th Cir.1991). 50.50 Acres of Land was a condemnation case which concluded that affirmative acts of delay and compensation by the government could rise to the level of a constitutional taking. Prejudgment interest, moreover, was conceivably awardable even in the face of the statute expressly forbidding it because of the constitutional violation.
 
 
 7
 In its supplemental brief, however, the government expanded upon the reasons why the money was delayed in its return to Campas-Perez. First, Campas-Perez chose the administrative approach before requesting judicial action. Second, there was an initial credibility question between the claimant and the person from whom the property was seized. Finally, the government explained that it was this question of credibility that motivated customs agents to request a polygraph. Campas-Perez's refusal furthered the delay. This case does not present a factual basis for undertaking an analysis of possible constitutional exceptions to the availability of sovereign immunity with respect to prejudgment interest.
 
 
 8
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 28 U.S.C. § 2465 reads:
 Upon entry of judgment for the claimant in any proceeding to condemn or forfeit property seized under any Act of Congress, such property shall be returned forthwith to the claimant or his agent; but if it appears that there was reasonable cause for the seizure, the court shall cause a proper certificate thereof to be entered and the claimant shall not, in such case, be entitled to costs, nor shall the person who made the seizure, nor the prosecutor, be liable to suit or judgment on account of such suit or prosecution.