SILVER SAGE PARTNERS, LTD., a California limited partnership; Robert E. Fillett, Paul Saben, and Richard L. Earlix, general partners and individually; Michael S. Linsk, Plaintiffs—Appellants,

Public Entity Risk Management Authority (PERMA), Intervenor—Appellee,

v.

CITY OF DESERT HOT SPRINGS; Desert Hot Springs City Council, Defendants—Appellees.

Silver Sage Partners, Ltd., a California limited partnership; Robert E. Fillett, Paul Saben, and Richard L. Earlix, general partners and individually; Michael S. Linsk, Plaintiffs—Appellees,

Public Entity Risk Management Authority (PERMA), Intervenor—Appellant,

v.

City of Desert Hot Springs; Desert Hot Springs City Council, Defendants.

Nos. 03–55294, 03–55393.
D.C. No. CV–91–06804–CBM.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 7, 2003.

Decided Nov. 12, 2003.

William J. Davis, Davis & Company, P.C., Los Angeles, CA, for Plaintiffs–Appellants/Plaintiffs–Appellees.

Austin R. Gibbons, Peter A. Urhausen, Gibbons & Conley, Walnut Creek, CA, for Intervenor–Appellee/Intervenor–Appellant.

Kevin P. McVerry, Graves, Roberson & Bourassa, Thousand Oaks, CA, for Defendants–Appellees/Defendants.

Before BRUNETTI, T.G. NELSON, and SILVERMAN, Circuit Judges.

MEMORANDUM *

Silver Sage Partners, Ltd. ("Silver Sage") appeals the district court's denial of prejudgment interest on a $3,049,439 damage award against the City of Desert Hot Springs ("the City"). Silver Sage also requests that the case be reassigned to a different judge upon remand. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Silver Sage next appeals the stay of enforcement of the judgment against Public Entity Risk Management Authority ("PERMA"), the entity that acts as the City's insurer. PERMA cross-appeals, arguing that it should not have been required to post the entire judgment amount in an interest-bearing escrow account pending appeal. We have jurisdiction pursuant to 28 U.S.C. § 1292. Because the issues are moot, in light of a related holding, we remand.

The parties are familiar with the facts, and we will not recite them here.

I. *Prejudgment Interest*

The district court did not violate the law of the case doctrine when it denied prejudgment interest. In the 2001 *Silver Sage* appeal,[1] the Ninth Circuit did not consider the issue of prejudgment interest. On November 6, 2002, the Ninth Circuit amended its *Silver Sage 2001* mandate specifically to allow the district court to consider the appropriateness of prejudgment interest with regard to the reinstated damage award. The district court did so. Because the district court did not reexamine an issue previously decided by the same court or a higher court in the same case, it did not violate the law of the case doctrine.[2] The district court's proper consideration of this and other issues provides no support for reassignment, and we deny Silver Sage's request on that issue.[3]

We do not reach the question of whether the Fair Housing Act ("FHA") makes prejudgment interest available and instead assume for the purposes of this decision that it does. The trial court has discretion to award prejudgment interest based on the equities of the case.[4] The district court properly exercised its discretion[5] when it found that the damage award provided Silver Sage fair and adequate compensa-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. *Silver Sage Partners, Ltd. v. City of Desert Hot Springs*, 251 F.3d 814 (9th Cir.2001) ("*Silver Sage 2001*").

2. *Richardson v. United States*, 841 F.2d 993, 996 (9th Cir.1988).

3. *See United States v. Arnett*, 628 F.2d 1162, 1165 (9th Cir.1979) (adopting a three-factor test for determining whether to assign a case to a different district court judge upon re-

mand). None of the enumerated factors support reassignment in this case.

4. *See Osterneck v. Ernst & Whitney*, 489 U.S. 169, 176, 109 S.Ct. 987, 103 L.Ed.2d 146 (1989); *see also Blau v. Lehman*, 368 U.S. 403, 414, 82 S.Ct. 451, 7 L.Ed.2d 403 (1962) (stating that interest "is given in response to considerations of fairness").

5. *In re Agric. Research & Tech. Group, Inc.*, 916 F.2d 528, 533 (9th Cir.1990) (applying abuse of discretion standard to award prejudgment interest).

tion for the damages it suffered without an award of prejudgment interest. The district court articulated a valid—if brief— reason for the denial of prejudgment interest,[6] and we affirm.

## II. *The Stay and the Bond*

In a related case, Case Number 02–57082, we held that the district court lacked jurisdiction to grant the writ of garnishment. In light of that decision, the two remaining issues in this case, the stay of the writ and the bond pending appeal of the writ, are now moot. Accordingly, we remand to the district court for entry of appropriate orders.

AFFIRMED IN PART; REMANDED IN PART. NO COSTS ALLOWED.

---

**6.** *See Vance v. Am. Hawaii Cruises, Inc.,* 789 F.2d 790, 795 (9th Cir.1986).