**NOT FOR PUBLICATION**

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

**UNITED STATES BANKRUPTCY APPELLATE PANEL**

**OF THE NINTH CIRCUIT**

In re:                            )   BAP No. AZ-13-1307-JuKiD
                                  )
BRITTANY LE'VON MILLER,           )   Bk. No. AZ-12-17346-EPB
                                  )
                Debtor.           )
_____ )
                                  )
BRITTANY LE'VON MILLER,           )
                                  )
                Appellant,        )
                                  )
v.                                )   **M E M O R A N D U M**[*]
                                  )
DAVID M. REAVES, Chapter 7        )
TRUSTEE,                          )
                                  )
                Appellee.         )
_____ )

Argued and Submitted on November 20, 2014
at Phoenix, Arizona

Filed - December 5 2014

Appeal from the United States Bankruptcy Court
for the District of Arizona

Honorable Eddward P. Ballinger, Jr., Bankruptcy Judge, Presiding
_____

Appearances:    Brian M. Blum of The Turnaround Team, PLLC,
                argued for appellant Brittany Le'Von Miller;
                appellee David M. Reaves, Chapter 7 Trustee,
                argued pro se.
                _____

Before:  JURY, KIRSCHER, and DUNN, Bankruptcy Judges.

---

[*] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8013-1.

-1-

Chapter 7[1] trustee David M. Reaves (Trustee) filed a motion in the reopened case of debtor Brittany Le'Von Miller seeking to revoke the § 554(c) technical abandonment of debtor's income tax refund. The bankruptcy court granted Trustee's motion, and this appeal followed. Because the bankruptcy court summarily granted Trustee's motion without making specific findings of fact and conclusions of law on the record sufficient to allow review, we VACATE the order granting the motion and REMAND for the court to make appropriate findings of fact and conclusions of law.

## I. FACTS

Debtor filed her chapter 7 petition, schedules and statement of financial affairs in August 2012. In Schedule B, debtor listed at item eighteen "[a]pproximately 60% of Potential 2012 Tax Refund," and stated the value as "[u]nknown." In Schedule F, debtor listed $52,752.00 in unsecured debt.

On October 25, 2012, Trustee filed his report of no distribution. Debtor subsequently received her discharge and the case was closed.

On May 9, 2013, Trustee received debtor's 2012 income tax refund in the amount of $3,259.00 directly from the Internal Revenue Service (IRS). The same day, Trustee filed a withdrawal of his no distribution report and a motion to reopen debtor's case for the purpose of administering the asset. Debtor objected, contending the income tax refund was technically

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532. "Rule" references are to the Federal Rules of Bankruptcy Procedure and "Civil Rule" references are the Federal Rules of Civil Procedure.

abandoned under § 554(c) because it was listed in Schedule B. The bankruptcy court granted Trustee's motion to reopen debtor's case by order entered on May 14, 2013.

Trustee then filed a motion to revoke abandonment of the income tax refund. As a threshold matter, Trustee argued that the mere listing of a "potential" tax refund with an "unknown" value was not sufficient to invoke the technical abandonment of the asset under § 554(c). Under this theory, Trustee asserted that the income tax refund remained property of the estate under § 554(d). Alternatively, Trustee moved for an order revoking the technical abandonment of the asset on the basis of mistake or inadvertence. Trustee contended that neither the existence nor the amount of any refund could have been known by him at the time the petition was filed or before the case was closed. He further argued that debtor would not suffer any undue prejudice by revocation of the abandonment since the refund was sent directly to him. In other words, debtor did not receive and spend the refund believing she had the right to do so.

Debtor argued in response that Trustee should have known she would receive a significant tax refund based upon her tax refund history which was shown by income tax returns from prior years and pay stubs provided to Trustee. Debtor asserted that Trustee had the option of keeping the case open until receipt of the tax refund or review of her tax return, but he chose not to do so.[2]

---

[2] In essence, debtor's argument acknowledges that had the case remained open until Trustee received the 2012 federal income
(continued...)

-3-

After a hearing on the matter, the bankruptcy court took the matter under advisement. The next day, the court issued a minute entry which simply stated that the court was granting Trustee's motion.

On July 2, 2013, debtor filed a timely notice of appeal.

Thereafter, the Panel issued an order questioning whether the minute entry constituted an appealable final order. The bankruptcy court subsequently entered an order granting Trustee's motion.

## II.  JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(A).  We have jurisdiction under 28 U.S.C. § 158.

## III.  ISSUE

Whether the bankruptcy court erred in revoking the technical abandonment of the income tax refund.

## IV.  STANDARD OF REVIEW

A bankruptcy court's decision on a motion to revoke a technical abandonment is reviewed for abuse of discretion. Vasquez v. Adair (In re Adair), 253 B.R. 85, 88 (9th Cir. BAP 2000).  In determining whether the bankruptcy court abused its discretion we first determine de novo whether the bankruptcy court identified the correct legal rule to apply to the relief requested and then, if the correct legal standard was applied,

---

² (...continued)
tax refund, the bankruptcy estate's pro-rated share of that refund would have been subject to administration for the benefit of the debtor's creditors.

-4-

we determine whether the court's application of that standard was "(1) illogical, (2) implausible, or (3) without support in inferences that may be drawn from the facts in the record." United States v. Loew, 593 F.3d 1136, 1139 (9th Cir. 2010).

## V. DISCUSSION

Section 541(a)(1) provides that property of the estate includes all legal or equitable interests of the debtor in property as of the commencement of the case. Debtor's right to receive a tax refund constituted an "interest in property," which was included in property of her estate. See Newman v. Schwartzer (In re Newman), 487 B.R. 193, 199–200 (9th Cir. BAP 2013). Estate property, such as a pro-rata portion of the income tax refund, would revert to debtor if the asset was abandoned under § 554(c). The so-called "technical abandonment" may occur automatically upon closing a case because § 554(c) provides, "[u]nless the court orders otherwise, any property scheduled under section 521(1) of this title not otherwise administered at the time of the closing of a case is abandoned to the debtor. . . ."

The plain language of § 554(c) states four requirements for technical abandonment: (1) the tax refund must have been properly scheduled; and (2) not administered by the trustee; (3) debtor's case must close; and (4) abandonment is to the debtor. If these requirements are met, technical abandonment of the asset occurs and is generally irrevocable. DeVore v. Marshack (In re DeVore), 223 B.R. 193, 197 (9th Cir. BAP 1998). "The rationale for the general rule is that once an asset has been abandoned, it is no longer part of the estate and is

-5-

effectively beyond the reach and control of the trustee. Courts have also noted the policy of preserving finality." Id. at 198.

Notwithstanding the general rule, under the plain language of § 554(c) the bankruptcy court has discretion to modify or revise any technical abandonment simply by ordering otherwise. Id. The DeVore Panel noted that "the statute does not limit such an order to the period prior to case closure . . . and courts have set aside technical abandonments in 'appropriate circumstances.'" Id. Revocation may be appropriate where a debtor provided a trustee with false or incomplete information about an asset or the trustee abandoned the asset based on mistake or inadvertence and revocation will not cause undue prejudice. Id. at 198.

Trustee's motion seeking revocation of abandonment of the income tax refund initiated a contested matter, subject to the procedures set forth in Rule 9014. In contested matters, a bankruptcy court must make findings of fact, either orally on the record, or in a written decision. See Rule 9014(c) (incorporating Rule 7052, which in turn incorporates Civil Rule 52).[3] These findings must be sufficient to enable a

---

[3] Civil Rule 52(a)(1) provides in relevant part:

(a) Findings and Conclusions.

(1) In General. In an action tried on the facts without a jury or with an advisory jury, the court must find the facts specially and state its conclusions of law separately. The findings and conclusions may be stated on the record after the close of the evidence or may appear in an opinion or a memorandum of decision filed by the court.

reviewing court to determine the legal and factual bases for the court's ruling. Vance v. Am. Haw. Cruises, Inc., 789 F.2d 790, 792 (9th Cir. 1986).

We are hampered in our review by the bankruptcy court's lack of findings. The bankruptcy court recognized that it had discretion to revoke the technical abandonment, but did not engage in an analysis addressing the circumstances under which revocation of technical abandonment is proper as articulated in DeVore. It is unclear whether the bankruptcy court thought debtor provided Trustee with incomplete information about the tax refund in her schedules or thought Trustee abandoned the asset based on mistake or inadvertence. In short, although the court granted Trustee's motion, it did not explain what factors or considerations it relied upon for its decision.

## VI. CONCLUSION

Because there are no findings of fact or conclusions of law regarding the underlying substantive questions, we VACATE the order granting Trustee's motion and REMAND for further proceedings consistent with this Memorandum disposition.