**Carlo MOERSCH, Plaintiff,**

v.

**Charles S. ZAHEDI, Defendant.**

**Case No.: SACV 16–00151–CJC(KESx)**

United States District Court, C.D. California, Southern Division.

Signed January 13, 2017

---

Jonathan Charles Capp, Jonathan Capp Law Offices, San Diego, CA, for Plaintiff.

H. Michael Soroy, Kristin A. Ingulsrud, Law Offices of H. Michael Soroy, Los Angeles, CA, for Defendant.

## ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

CORMAC J. CARNEY, UNITED STATES DISTRICT JUDGE

### I. INTRODUCTION

Plaintiff Carlo Moersch, a citizen of Luxembourg, brings this action against Defendant Charles S. Zahedi, a citizen of California, under the Uniform Foreign Country Money Judgments Recognition Act ("the Uniform Act"), California Civil Procedure Code §§ 1713 *et seq.* (*See generally* Dkt. 1.) Plaintiff seeks recognition of a foreign judgment he obtained in Luxembourg against Defendant due to Defendant's apparent breach of a partnership agreement. (*Id.* ¶¶ 7–9, 16–17.) Before the Court is Plaintiff's motion for summary judgment. (Dkt. 19 [Notice of Motion]; Dkt. 22 [Memorandum of Points and Authorities].) For the following reasons, the motion is GRANTED.[1]

### II. BACKGROUND

In or about 2003, Plaintiff and Defendant were working as dentists in private practice in Luxembourg. (Dkt. 27–2 ¶¶ 1, 2.) Plaintiff and Defendant had entered into a partnership agreement in or about December 2002, which, among other things, required the parties to disclose to one another all patients they treated. (*Id.* ¶ 3.) Plaintiff brought a civil action against Defendant in La Cour Superieure de Justice in Luxembourg seeking to terminate the partnership and obtain damages due to

Defendant's alleged breach of the agreement. (*Id.* ¶ 4; Dkt. 20 [Declaration of Jonathan Capp, hereinafter "Capp Decl."] ¶ 2; *id.* Ex. A at 2.) La Cour Superieure de Justice found in favor of Defendant on June 17, 2009. (Dkt. 27–2 ¶ 6; *see id.* Ex. A at 2.)

On March 21, 2012, the Luxembourg Court of Appeal reversed the lower court ruling and entered a judgment in Plaintiff's favor, which was formally entered on April 2, 2012 (the "2012 Judgment"). (Capp Decl. ¶ 2; *see generally id.* Ex. A.) The Luxembourg Court of Appeal determined that Defendant had been treating patients without Plaintiff's knowledge and "poaching" other patients. (*Id.*) It therefore terminated the partnership and ordered Defendant to pay Plaintiff 300,000 euros under Article 15 of the partnership agreement, which it noted the parties agreed was "to be interpreted as a penalty clause." (*Id.* Ex. A at 3.) The Court of Appeal explained that:

> Under Article 15 of the partnership agreement in case of non-disclosure and/or late disclosure (more than 31 days) of a payment made (by any means whatsoever) by a patient to one of the [sic] a partners under this agreement for their dental practice without the other partner being notified, the wronged partner is legally entitled to demand forfeitary compensation of 300,000 euros within 3 months since this failure maybe extrapolated to other undeclared earnings received but not yet discovered by the wronged partner.

(*Id.*) The Court of Appeal found that Article 15 was "clearly not excessive" and declined to reduce the award. (*Id.* Ex. A at 4.) It also awarded Plaintiff an additional

---

1. Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing. *See* Fed. R. Civ. P. 78; Local Rule 7–

15. Accordingly, the hearing set for January 23, 2017, at 1:30 p.m. is hereby vacated and off calendar.

10,000 euros for damages due to Defendant's "poaching of patients." (*Id.* Ex. A at 5.) Plaintiff now brings the present motion for summary judgment to enforce this judgment against Defendant, seeking a total of $413,075 (the equivalent of 310,000 euros) plus accrued interest. (Dkt. 22.)

## III. LEGAL STANDARD

The Court may grant summary judgment on "each claim or defense—or the part of each claim or defense—on which summary judgment is sought." Fed. R. Civ. P. 56(a). Summary judgment is proper where the pleadings, the discovery and disclosure materials on file, and any affidavits show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id.*; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp.*, 477 U.S. at 325, 106 S.Ct. 2548. A factual issue is "genuine" when there is sufficient evidence such that a reasonable trier of fact could resolve the issue in the nonmovant's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A fact is "material" when its resolution might affect the outcome of the suit under the governing law, and is determined by looking to the substantive law. *Id.* "Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 249, 106 S.Ct. 2505.

In considering a motion for summary judgment, the court must examine all the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in its favor. *Anderson*, 477 U.S. at 252, 106 S.Ct. 2505; *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630–31 (9th Cir. 1987). However, the "mere existence of a scintilla of evidence" is "insufficient; there must be evidence on which the jury could reasonably find for the [opposing party]." *Anderson*, 477 U.S. at 252, 106 S.Ct. 2505. Conclusory and speculative testimony in affidavits and moving papers is insufficient to raise triable issues of fact and defeat summary judgment. *Thornhill Pub. Co., Inc. v. GTE Corp.*, 594 F.2d 730, 738 (9th Cir. 1979). The evidence the parties present must also be admissible. Fed. R. Civ. P. 56(c).

## IV. DISCUSSION

■ Under the Uniform Act, California recognizes a foreign-country judgment to the extent that it both: "(1) Grants or denies recovery of a sum of money" and "(2) Under the law of the foreign country where rendered, is final, conclusive, and enforceable." Cal. Civ. Proc. Code §§ 1715(a)(1)–(2); 1716(a). The purpose of the Uniform Act was "to codify the most prevalent common law rules for recognizing foreign money judgments and thereby encourage the reciprocal recognition of United States judgments in other countries." *Manco Contracting Co. (W.W.L.) v. Bezdikian*, 45 Cal.4th 192, 198, 85 Cal. Rptr.3d 233, 195 P.3d 604 (2008).

The Uniform Act excludes the following, however: (1) "A judgment for taxes," (2) "A fine or other penalty," and (3) "A judgment for divorce, support, or maintenance, or other judgment rendered in connection with domestic relations." Cal. Civ. Proc. Code § 1715 (b)(1)–(3). The Act also provides that courts shall not recognize a foreign-country judgment if (1) it was rendered under a judicial system that does not provide impartial tribunals or procedures compatible with the requirements of due process of law, (2) if the foreign court did not have personal jurisdiction over the defendant, or (3) if the foreign court did

not have subject-matter jurisdiction. *Id.* § 1716(b)(1)–(3). Furthermore, a court "is not required" to recognize a foreign-country judgment in a number of circumstances, including if the defendant did not receive notice in sufficient time to enable him to defend against the action, where the judgment was obtained by fraud, where the judgment is repugnant to the public policy of California or of the United States, where (in cases based on personal service) the foreign court was a seriously inconvenient forum for the trial, or where the judgment conflicts with another final and conclusive judgment. *Id.* § 1716(c)(1)–(9).

■ Under the Uniform Act, "[t]he party seeking recognition of a foreign-country money judgment has the burden to establish entitlement to recognition under the Act, while the party resisting recognition has the burden of establishing a specified ground for nonrecognition." *Hyundai Sec. Co. v. Lee,* 232 Cal.App.4th 1379, 1386, 182 Cal.Rptr.3d 264 (2015), *as modified* (Jan. 14, 2015), *review denied* (Apr. 29, 2015) (citing Cal. Civ. Proc. Code §§ 1715(c), 1716(d)).

Here, Plaintiff has satisfied his burden of demonstrating grounds for recognition of the 2012 Judgment under the Uniform Act. Plaintiff has presented evidence that the Luxembourg Court of Appeal issued a judgment in his favor which grants recovery of a sum of money—310,000 euros, or $413,075.[2] (Capp Decl. ¶ 2; *id.* Ex. A; Dkt. 21 [Declaration of Grégori Tastet, hereinafter "Tastet Decl."] ¶¶ 2–3, 10.) The 2012 Judgment has been authenticated by an apostille certifying its authenticity pursuant to the Hague Convention of 1961, which is in force in Luxembourg and the United States. (Capp Decl. ¶ 2; *id.* Ex A; Tastet Decl. ¶ 3.) Plaintiff has also presented the testimony of Grégori Tastet, the attorney who represented him in Luxembourg (but not in the present action), who has been practicing civil litigation in Luxembourg since 1994, and he opined that the 2012 judgment is "final, conclusive, and fully enforceable in Luxembourg." (Tastet Decl. ¶ 16.) *See Manco Contracting Co.,* 45 Cal.4th at 201, 85 Cal.Rptr.3d 233, 195 P.3d 604 ("California courts must recognize a foreign judgment, regardless of whether it has been appealed or is subject to appeal, so long as the judgment is final, conclusive, and enforceable in the country where it was rendered."). Defendant provides no evidence to the contrary.[3]

■ Instead, Defendant claims that pursuant to Federal Rule of Civil Procedure 56(d), the Court should defer considering this motion, deny it, or allow additional time for discovery. (Dkt. 27 at 6.) Rule 56(d) grants district courts discretion to provide such relief where "a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). Defendant's declaration is inadmissible, since it does not attest that it is based on personal knowledge or show that Defendant is competent to testify on the

---

**2.** Defendant does not dispute the conversion rate. (Dkt. 27–2 ¶ 18.)

**3.** Plaintiff also seeks accrued interest based on yearly Luxembourg interest rates for the years 2012 through 2016 (3.5% for 2012 and 2013, 3.25% for 2014, and 3% for 2015 and 2016). (Dkt. 22 at 4; Capp Decl. Ex. C; Tastet Decl. ¶¶ 20–21.) The Court has discretion to award such interest, *see Vance v. Am. Hawaii Cruises, Inc.,* 789 F.2d 790, 794 (9th Cir. 1986), and finds the Luxembourg rates reasonable. Therefore, the Court will award $63,429.95 in interest. (*See* Capp Decl. Ex. C.)

matters stated therein—it merely states that he is the defendant in this action.

■ Even if the Court were to accept Defendant's declaration, it would not suffice for purposes of Rule 56(d) because it never explains *why* Defendant needed additional time to present his defense. " '[W]here [a party] failed to exercise due diligence, filed an untimely request, or failed to explain why discovery was not conducted, Rule 56(d) discovery requests may be denied.' " *Buchanan v. Lowe's Home Centers, LLC*, No. LACV1407560JAKFFMX, 2015 WL 12661944, at *6 (C.D. Cal. Aug. 17, 2015) (quoting *Freeman v. ABC Legal Servs. Inc.*, 827 F.Supp.2d 1065, 1078 (N.D. Cal. 2011)); *see also Johnson v. Hewlett–Packard Co.*, 546 Fed.Appx. 613, 615 (9th Cir. 2013) ("Even though we are not convinced that amendment of the complaint was required to support the discovery sought by Appellants, we affirm the district court's denial of their requests under Rule 56(d) for failure to demonstrate diligence."). Defendant does not provide a single specific reason as to why he has not had time to procure any evidence despite his having ample time to do so—this case base been pending for almost a year. (*See generally* Dkt. 27–1 [Declaration of Charles Zahedi, hereinafter "Zahedi Decl."].) The parties even stipulated to an extension of time for Defendant to file an opposition to the present motion specifically so that Defendant could be afforded more time to "draft, research, gather documents and submit any opposition" to the motion. (Dkt. 25 at 2.) Rule 56(d) does not excuse a party from sleeping on his rights. Accordingly, the Court declines to grant Defendant relief under Rule 56(d).[4]

■ Defendant also contends that there is a genuine dispute of material fact because Defendant received a judgment in his favor by a Luxembourg court in 2005 that contradicts the 2012 Judgment, providing grounds to decline enforcement of the 2012 Judgment under the Uniform Act. (Dkt. 27 at 2–3; Zahedi Decl. ¶ 5.) However, he has not presented the Court with a copy of this purported 2005 judgment, provided any admissible evidence in support of his contention, or explained to the Court why he did not procure a copy of the 2005 judgment in the year since the complaint was filed or during the two months since the motion for summary judgment has been pending. Therefore, the Court will not credit this claim, especially since the Uniform Act provides the court with *discretion* as to whether to enforce a foreign judgment where there is a conflicting judgment. Cal. Civ. Proc. Code § 1716(c)(4). Defendant's conclusory statement that the 2012 Judgment may not be final and conclusive for purposes of the Uniform Act for some unspecified reason (and that he needs more time to conduct discovery on this issue) is similarly unsupported. (*See* Dkt. 27 at 7.)

■ Defendant also claims that he needs additional time for discovery "to determine whether due process was violated, specifically to determine the means of service of process and notice of the appeal in the underlying action." (Dkt. 27 at 7.) This argument appears to be based on Defendant's insistence that he did not appear in the Luxembourg action and that the 2012

---

4. Defendant also argues that the motion should be denied for failure to fully comply with Local Rule 7–3, because although the parties did meet and confer prior to the filing of the motion, Plaintiff's papers fail to document the conference that took place. (Dkt. 27 at 4–5.) Defendant is incorrect—Plaintiff's notice of motion states "This motion is made following the conference of counsel pursuant to L.R. 7–3 which took place on September 9th, 2016." (Dkt. 19 at 2.)

Judgment was rendered in his absence. (SUF ¶¶ 5–8; Zahedi Decl. ¶¶ 6–8.) Defendant also claims that he did not receive notice of the Luxembourg proceedings in violation of his due process rights. (Zahedi Decl. ¶ 10.) The only support for this claim, however, comes from Defendant's declaration, which is inadmissible. Furthermore, the Luxembourg Court of Appeal's 2012 opinion clearly states that Defendant *was* represented by a "Lydie LORANG, lawyer ('avocat'), of Luxembourg," (Capp Decl. Ex. A at 1 (emphasis in original)), and references numerous arguments and counterclaims that Defendant made for purposes of the appeal, (*see generally id.* Ex. A.) Grégori Tastet, the attorney who represented Plaintiff in Luxembourg, also attests that Defendant was duly served, appeared in court to defend the claim, and was represented by counsel (Lydie Lorang). (Tastet Decl. ¶¶ 7–9.) Defendant makes no effort to explain this evidence and provides no contrary evidence in support of his claim beyond his own self-serving, inadmissible declaration. Therefore, this argument also fails to create a genuine dispute of material fact or warrant relief under Rule 56(d).

 Finally, Defendant argues that the Uniform Act does not apply here because the majority of the 2012 Judgment— 300,000 euros—constitutes a penalty. (Dkt. 27 at 4.) Plaintiff contends that this award is "clearly remedial and does not punish an offense against the public." (Dkt. 22 at 5.) Plaintiff is correct. Under California law, "[a] statute penal in that sense is one that awards a penalty to the state, or to a public officer in its behalf, or to a member of the public, suing in the interest of the whole community to redress a public wrong. The purpose must be, *not reparation to one aggrieved*, but vindication of the public justice." *Java Oil Ltd. v. Sullivan*, 168 Cal.App.4th 1178, 1187–88, 86 Cal.Rptr.3d 177 (2008). "The test in the Restatement of the Law, The Foreign Re-

lations Law of the United States (Restatement) is consistent," explaining that a "judgment in favor of a foreign state arising out of a *contract*, a tort, a loan guaranty, or similar civil controversy *is not penal* for purposes of this section." *Id.* (emphasis added). Here, while the 2012 Judgment does state that the parties agreed Article 15 of the partnership agreement was "to be interpreted as a penalty clause," (Capp. Decl. Ex. A at 3), it went on to explain that Under Article 15 provided for the compensation of 300,000 euros for failure to disclose patients "since this failure maybe extrapolated to other undeclared earnings received but not yet discovered by the wronged partner." (*Id.*) The fact that the parties used the word "penalty" is not dispositive—Article 15 was clearly intended to compensate the parties for wrongful conduct proscribed by the partnership agreement and is therefore not a penalty within the meaning of the Uniform Act.

There is no genuine dispute of material fact in this case and Plaintiff has met his burden of demonstrating that the Uniform Act applies. Accordingly, the Court GRANTS Plaintiff's motion for summary judgment.

## V. CONCLUSION

For the foregoing reasons, Plaintiff's motion for summary judgment is GRANTED. A judgment is issued concurrently with this Order.