NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 20 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WESTERN INSURANCE CO., IN LIQUIDATION, | No. 19-55101 |
| Plaintiff-Appellee, | D.C. No. 5:17-cv-02181-R-MRW |
| v. | |
| FRONTIER HOMES, LLC, a California limited liability company; et al., | MEMORANDUM* |
| Defendants-Appellants, | |
| and | |
| DOES, 1 to 20, inclusive, | |
| Defendant. | |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Submitted April 17, 2020**
Pasadena, California

———————————

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: W. FLETCHER and LEE, Circuit Judges, and SETTLE,*** District Judge.

Frontier appeals from the district court's order granting summary judgment for Western Insurance Company.[1] We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's grant of summary judgment, *see Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001) (en banc), and review the pre-judgment interest award for abuse of discretion, *see Vance v. Am. Haw. Cruises, Inc.*, 789 F.2d 790, 794 (9th Cir. 1986). We affirm.

1. Western seeks payment for claims brought by the cities of Victorville and Lancaster (the "Cities") against surety bonds that Western had issued to Frontier. The parties' Continuing Indemnification Agreement (the "Agreement") gave Frontier the right to demand litigation of such claims. Frontier argues that under the Agreement, Western had an implied duty to give Frontier notice of the claims such that it could demand litigation, even though the Agreement itself is silent on this issue.

Even assuming the Agreement contained an implied notice duty, Frontier had sufficient notice. First, the Cities themselves notified Frontier of their demands, but

---

*** The Honorable Benjamin H. Settle, United States District Judge for the Western District of Washington, sitting by designation.

[1] The term "Frontier" refers to all of the appellants collectively: Frontier Homes, LLC, Sorrento Hills, LLC, Falcon Pointe, LLC, James L. Previti, FH Construction Management, and Frontier Homebuilders, Inc.

2

Frontier chose to ignore them. Then Frontier discussed the Cities' demands with Western. When Western was placed in liquidation, Western notified Frontier's attorney. Later, Western sent Frontier three demand letters, each containing contact information in case Frontier wished to inquire further or dispute the claims. Frontier was repeatedly put on notice of its default, Western's liquidation, and the Cities' claims such that Frontier could have made a written demand to Western to litigate the claims. In any event, Frontier did not make this argument in the district court and has waived it. *See Armstrong v. Brown*, 768 F.3d 975, 981 (9th Cir. 2014).

2. Frontier's implied good faith and fair dealing argument fails for the same reason: Frontier received adequate notice to challenge the claims but chose to ignore it. Moreover, Frontier raises this argument for the first time on appeal and has waived it. *See id*.

3. Frontier breached the Agreement when it refused to indemnify Western for the Cities' claims. The district court therefore properly rejected its impossibility argument as irrelevant. *See Habitat Trust for Wildlife, Inc. v. City of Rancho Cucamonga*, 96 Cal. Rptr. 3d 813, 843 (Cal. App. 2009) ("A thing is impossible in legal contemplation when it is not practicable . . . .").

4. Western showed that it suffered actual loss. The Utah Court approved the Cities' claims in the amount of $1,925,880.84 in underlying litigation, and Frontier agreed to indemnify Western for damages incurred because of the bonded work.

Western's damages are "the amount which will compensate" it for loss incurred because of Frontier's breach.  Cal. Civ. Code § 3300; *see also Bayer v. Neiman Marcus Grp., Inc.*, 861 F.3d 853, 871–72 (9th Cir. 2017).

5.  Finally, the pre-judgment interest award was not an abuse of discretion, as the district court "rationally could have based [its] decision" on the first demand letter.  *See Kali v. Bowen*, 854 F.2d 329, 331 (9th Cir. 1988) (quoting another source).

**AFFIRMED**.